[No. 15916.    Department Two.—August 6, 1895.]

## In the Matter of the Estate of JOHN LEVINSON, Deceased.

Estates of Deceased Persons—Order Settling Account of Administrator—Review upon Appeal—Construction of Code.—Upon appeal from an order settling the account of an administrator, taken more than sixty days after the order was signed and filed with the clerk, and less than sixty days after it was entered in the minute-book of the court, the evidence upon which the order was based is open for examination and review by the appellate court; and the provision of section 939 of the Code of Civil Procedure, that upon appeal from a judgment the evidence cannot be reviewed unless the appeal is taken within sixty days after the rendition of the judgment, does not apply to an appeal from such an order.

ID.—BILL OF EXCEPTIONS—SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE
—ITEMS OF ACCOUNT.—The account of an administrator is a bill of
items, and specifications of the insufficiency of the evidence to justify
the decision settling the account are stated with sufficient particularity
when the evidence is alleged to be insufficient to justify the decision allow-
ing particular items of the account specified in the bill of exceptions.

ID.—SETTLEMENT OF ACCOUNTS—FINDINGS NOT REQUIRED — NONWAIVER.
The manner in which the account of an executor or administrator is
usually made up, and the manner in which objections thereto are usu-
ally presented, do not at all conduce to the development of issues such
as arise upon the pleadings in a civil action, and in such a proceeding it
is not incumbent upon the court to make and file express findings; and
the fact that findings were not waived, and that none were made, is not
ground for the reversal of the order accepting the account.

ID.—CHANGE OF ADMINISTRATION OF ESTATE—ALLOWANCE OF COMMISSIONS
—PRESUMPTION—EXTRAORDINARY SERVICES NOT CLAIMED.—Where the
executor of a will of a deceased person has resigned the administration
of the estate, and has been allowed a certain sum on account of commis-
sions thereon, and has paid over the balance of account to his successor
as administrator of the will, such successor is not entitled to the allow-
ance of any further commissions until the final settlement of the estate;
and it cannot be presumed in support of an allowance of commissions at
the time of the tendering of his resignation as administrator, exceeding
in addition to the amount allowed his predecessor the total commissions
allowable under section 1618 of the Code of Civil Procedure, that any
allowance was made to him for extraordinary services not claimed in
the account.

ID.—PAYMENT FOR SERVICES OF EXPERTS — DISCRETION· OF COURT. — The
allowance of money paid by the administrator to expert accountants for
examining the books of a partnership, of which the decedent was a
member, for the purpose of litigation, is a matter committed to the
sound discretion of the court.

ID.—MONEY PAID BY LEGATEES.—Where it appears that a portion of the
money credited the administrator for the payment of accountants was
furnished by the legatees, for which a receipt had been given to one of
the legatees toward payment of expenses in experting the books, if the
administrator does not explain the receipt, or show that the money evi-
denced by the receipt was used to pay for services in addition to those
specified in the account, his credit should be reduced by the amount of
the receipt.

ID.—PHYSICIAN CALLED AS WITNESS—IMPROPER ALLOWANCE. — Where a
physician was called to attend as a witness on motion for a receiver in
an action instituted by the administrator, he is only entitled to the
statutory fees allowed to witnesses, and a credit of $50 paid to him for
one day's attendance cannot be allowed to the administrator.

ID.—ALLOWANCE FOR SERVICES OF ATTORNEY — IMPROPER DIRECTION OF
PAYMENT.—The fees of counsel are to be allowed out of the estate to
the executor or administrator like other necessary expenses incurred in
the course of administration, and it is erroneous to direct that payment
be made out of the estate to the attorneys.

ID.—VALUE OF ATTORNEY'S SERVICES—CONFLICTING EVIDENCE—PROPOSI-
TION OF COMPROMISE.—Where there is conflicting evidence as to the

value of the services rendered the estate by attorneys, and the amount allowed by the court finds support in the evidence, such amount will not be disturbed; and the fact that the attorneys did not agree with other counsel for the administration as to the policy to be pursued, and insisted on a proposed compromise, which, if effected, would have given the estate little more than the expenses of the action, does not deprive them of the value of their services, if it does not appear but that the course they recommended comported with the proper discharge of professional obligation, and if, in the light of the event, it appears to have been to the interest of the estate.

RECALLING REMITTITUR—APPEAL—JURISDICTION.—When the remittitur has been duly and regularly issued, without inadvertence, the supreme court loses jurisdiction of the cause, and has no power to recall it, except in a case of mistake, or of fraud or imposition practiced upon the court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*Horace W. Philbrook*, for Appellants.

The allowance of commissions was improper, and can only be made at the close of administration.   (*Estate of Barton*, 55 Cal. 87.)   The allowance to Henley & Mac-Sherry, as attorneys, is illegal and utterly void.   (Code Civ. Proc., sec. 1616; *Sharon* v. *Sharon*, 75 Cal. 38, 39; *Henry* v. *Superior Court*, 93 Cal. 570.)   The order settling the account should be reversed, for want of findings of fact, which were not waived.   (*Ladd* v. *Tully*, 51 Cal. 278; *Cassidy* v. *Cassidy*, 63 Cal. 352; *Leach* v. *Pierce*, 93 Cal. 614; Code Civ. Proc., secs. 462, 632, 633, 1635, 1713.)

*Morrison, Stratton & Foerster, Barclay Henley*, and *J. W. Goodwin*, for Respondent.

The appeal not having been taken within sixty days after the rendition of the judgment, the evidence cannot be reviewed.   (Code Civ. Proc., sec. 939.)   A decree settling the final account of an administrator is a final judgment.   (*Treweek* v. *Howard*, 105 Cal. 434; *Irwin* v. *Backus*, 25 Cal. 214; 85 Am. Dec. 125; *Fox* v. *Miner*, 32 Cal. 120; 91 Am. Dec. 566; *Murdock* v. *Brooks*, 38 Cal.

601; *Brodrib* v. *Brodrib*, 56 Cal. 565; *Kelly* v. *West*, 80 N. Y. 145, 146; *Harrison* v. *Clark*, 87 N. Y. 575, 576; *Chaquette* v. *Ortet*, 60 Cal. 595; *Stovall* v. *Banks*, 10 Wall. 588; *Ralston* v. *Woods*, 15 Ill. 170; 58 Am. Dec. 604; *Xander* v. *Commonwealth*, 102 Pa. St. 434; *Banks* v. *Speers*, 97 Ala. 560; *Gottsberger* v. *Taylor*, 19 N. Y. 150; *Scofield* v. *Churchill*, 72 N. Y. 569; *Tobelman* v. *Hilde-brandt*, 72 Cal. 315.) There is no sufficient specification of particulars in which the evidence is insufficient to justify the decision. (Code Civ. Proc., sec. 648; *Estate of Page*, 57 Cal. 238; Hayne's New Trial and Appeal, sec. 150; *Kelly* v. *Mack*, 49 Cal. 524; *Parker* v. *Reay*, 76 Cal. 105; *Knott* v. *Peden*, 84 Cal. 300; *Dawson* v. *Schloss*, 93 Cal. 200; *Cummings* v. *Ross*, 90 Cal. 70.) The estate was ready for distribution, and the administrator was properly allowed his commissions. (*Estate of Levinson*, 98 Cal. 654; *Ex parte Buckley*, 105 Cal. 123.) The allowance for expert accountants was in the sound discretion of the court. (*In re Moore*, 72 Cal. 342; *Estate of Simmons*, 43 Cal. 551.) The allowance of $50 to Dr. Buckley for expert testimony in an action brought by the administrator was in the discretion of the court. (Code Civ. Proc., sec. 1616; *Gurnee* v. *Maloney*, 38 Cal. 87; 99 Am. Dec. 352.) The costs and expenses of a suit incurred in good faith should be allowed out of the assets of the estate, including the employment of accountants and experts. (Williams on Executors, 1852, 1860; *Estate of Miner*, 46 Cal. 565, 570; *Estate of Simmons*, *supra; Moses* v. *Murgatroyd*, 1 Johns. Ch. 473; *Roosevelt* v. *Ellithorp*, 10 Paige, 415; *Dyer* v. *Potter*, 2 Johns. Ch. 152; *Ammon's Appeal*, 31 Pa. St. 311; *Harris* v. *Parker*, 41 Ala. 604; *Estate of Moore*, 96 Cal. 522, 525; *Chandler* v. *Chandler*, 87 Ala. 300; *Parson* v. *Darrington*, 32 Ala. 248; *Forward* v. *Forward*, 6 Allen, 495; *Eames* v. *Creditors*, 4 Vt. 256; cited and approved in *Wilson* v. *Bates*, 28 Vt. 768.) The allowance of counsel fees to Henley & MacSherry was proper. (*Estate of Gasq*, 42 Cal. 288; *Estate of Simmons*, *supra; Estate of Miner*, *supra; Chandler* v. *Chandler*, *supra*.) Findings are not

required upon a settlement of a final account. (*Miller* v. *Lux,* 100 Cal. 609. See, also, *Leach* v. *Pierce,* 93 Cal. 616; *In re Sanderson,* 74 Cal. 201; Code Civ. Proc., sec. 1704; Hayne's New Trial and Appeal, sec. 240.)

THE COURT.—Appeal by certain legatees named in the will of John Levinson, deceased, from an order settling the account of J. W. Goodwin, administrator with the will annexed of the estate of said deceased. The administrator was charged with misconduct in the discharge of his trust, and was cited to show cause why his letters should not be revoked; thereupon, on February 14, 1893, he filed the account in question, and tendered his resignation of his office of administrator. The order appealed from declared the charges against respondent to be without foundation, allowed his account as presented—with the exception of a single item —and directed that upon the production of a receipt for the balance of funds of the estate in his hands, ascertained to be the sum of $4,729.94, from one Ira P. Rankin, who was appointed special administrator to succeed him, the respondent be discharged from further liability.

1. The legatees filed their exceptions to the account March 3, 1893; a hearing was had upon the objections thus made, and on September 12, 1893, the court orally announced its decision, stating the terms of the order to be drawn allowing the account; such order was signed by the judge and filed with the clerk September 16, 1893, and was entered in the minute-book of the court October 6th following. The appeal was taken December 4, 1893. Respondent insists that the order is a judgment (*Miller* v. *Lux,* 100 Cal. 609); that the appeal was not taken " within sixty days after the rendition of the judgment " (Code Cov. Proc., 939), and hence that the evidence upon which the decision rests cannot be reviewed. But this question has been made the subject of investigation by the court in *Estate of Rose,* 80 Cal. 166, and on the authority of that case we consider that the evidence here is open for examination.

2. Respondent further contends that the specifications of insufficiency of the evidence to justify the decision appearing in appellant's bill of exceptions are not stated so as to answer the requirements of section 648 of the Code of Civil Procedure. The specifications supposed to be faulty are set out in this manner: "The evidence is insufficient to justify the decision in each and every one of the following particulars, respectively: 1. Allowing $500 or any sum for Henley & MacSherry; 2. Allowing $343.91 or any sum to said administrator for commissions; 3. Allowing said item of $50 alleged to have been paid to Dr. C. F. Buckley," etc. We think the specifications are sufficient; the account is itself a bill of items, and when the respondent was informed by the specifications of the several items which appel-- lants deemed to be unsupported by the evidence, he certainly was advised of the particulars wherein he should take note whether the evidence, if any, sustaining the account, appeared in the bill of exceptions when proposed; and this we understand to be a main object of the requirements of such specifications by the statute. (Code Civ. Proc., 648.) The case differs obviously from *Estate of Page*, 57 Cal. 238; there no attempt was made to specify any deficiency of evidence.

3. Findings of fact were not waived, and the court made none. Appellants claim that for this reason the order should be reversed. The manner in which the account of an executor or administrator is usually made up, and the manner in which objections thereto are usually presented (and this case shows no exception), do not at all conduce to the development of issues such as arise upon the pleadings in a civil action, and to which findings are required to be responsive. (Code Civ. Proc., 590, 633.) And it has been said here *obiter*, but we think correctly, that " in such a proceeding it is not incumbent upon the court to make and file express findings." (*Miller* v. *Lux, supra*.)

4. The court allowed to the respondent the sum of $343.91 as commissions. It appears that he was pre-

ceded in the administration of the estate by one S. W. Raveley, named executor in the will of the deceased. Raveley had been on the settlement of his account credited with the sum of $15,441.98, of which $700 was for his own commissions. He paid over to Mr. Goodwin, his successor, the respondent here, the balance in his hands belonging to the estate, amounting to $6,254.91; respondent received from other quarters $223.34; making the total funds of the estate coming to his hands $6,478.25, and the total value of the estate accounted for $21,920.23. On this sum the commissions allowable under section 1618 of the Code of Civil Procedure amount to $997.60; while the sum of $1,043.91 has actually been allowed, and the administration is yet unclosed. It is suggested by counsel that the presumption should be indulged that the allowance made to respondent included some thing for extraordinary services under section 1618 of the Code of Civil Procedure. But his account makes no claim for such services, and it is expressly stated in the order that he "is entitled to $343.91 as commissions." The presumption does not arise. (*In re Moore*, 96 Cal. 526, 527.)

Under the circumstances disclosed by the record nothing can be allowed respondent for commissions until the final settlement of the estate. (See *Estate of Barton*, 55 Cal. 87, and cases there cited.)

5. Respondent engaged in litigation on behalf of the estate against William J. and Benjamin Newman, former partners of decedent in the firm of Newman & Levinson, and employed certain expert accountants to examine the books of the partnership, for the purposes of such litigation. He claimed credit for $673.30 paid for the services of said experts. The payments to them, as shown by the account, were made in sums ranging from $25 to $80, beginning in January, 1892, and continuing at intervals for nearly a year following. Testimony was given that at first the money to pay said experts was furnished by the legatees. On cross-examination of the administrator as a witness at the hearing contest-

ants produced a paper writing signed by him, dated March 2, 1892, and acknowledging the receipt from one of them of $240 toward payment of expenses on behalf of the legatees " in experting the books of Newman & Levinson." Being asked to explain the receipt, the witness said he had no explanation to give; he also said that he had given no credit in his account for said $240. The court allowed the full sum claimed for compensation of experts. We think the administrator mistook; and that the circumstances were such as to require him to explain that the money had by him as evidenced by the receipt was used to pay for services different from or in addition to those specified in his account, or, for other reason, was not chargeable to him; and that, failing so to do, his credits should have been reduced by said sum of $240.

The allowance of the further sum of $433.30 paid to said accountants was a matter committed to the sound discretion of the court; there is no proof that such discretion was abused. (See *Estate of Moore*, 72 Cal. 336.)

6. The following credit item appearing in the account was allowed: " Dr. C. F. Buckley, services, $50.00." The administrator testified that payment thereof was made to Dr. Buckley for attendance as a witness on a motion for a receiver in a certain action instituted by the administrator; that he attended one day. The statute fixes the fees of witnesses at $2 per day. Why the further sum of $48 was paid does not appear in the record; its allowance was therefore erroneous.

7. The order appealed from directs that the sum of $500 be paid out of the estate to the law firm of Henley & MacSherry " for services rendered the estate and the administrator in the management of the estate." The services referred to were rendered in the conduct of the respondent's suit against the Newmans. The claim is stated in the account as among the " bills outstanding," no sum being named; but at the hearing said attorneys presented a statement claiming an allowance of $1,000 for their services. The principal contest in the court

below seems to have concerned the allowance of this item. Appellants make two points in this connection: 1. That the services were of no value; and 2. That an order directing payment to counsel who are strangers to the proceeding is void. As to the first, it suffices to say that the evidence was conflicting; while it pretty clearly appears that there was a wide divergence of opinion between Messrs. Henley & MacSherry, and counsel associated with them, as to the policy to be pursued in the later stages of the trial of that cause, and that they, Henley & MacSherry, then entertained small hope of ultimate success, and so were insistent (as was the administrator) on a proposed compromise, which, if effected, would have given the estate little if any thing more than the expenses of the action, yet it does not appear but that the course they recommended comported with the proper discharge of professional obligation; in the light of the event it seems that it would have been most to the interest of the estate; and, without signifying approval of all the methods employed by them and by the administrator in the effort to bring about such compromise, it ought to be said that the evidence does not substantiate appellants' charge that they and the administrator " became traitors to the interests of the decedent's estate, and treacherously exerted themselves to bring about a judgment for the defendants."

There was error, however, in the direction that the payment be made to the attorneys. Like other necessary expenses incurred in course of administration, the fees of counsel are to be allowed out of the estate to the executor or administrator; such is the reading of the statute (Code Civ. Proc., sec. 1616), and the effect of the decisions of this court. (*Estate of Ogier*, 101 Cal. 385; 40 Am. St. Rep. 61; *Henry* v. *Superior Court*, 93 Cal. 569; *Estate of Blythe*, 103 Cal. 350; *Pennie* v. *Roach*, 94 Cal. 515; *Sharon* v. *Sharon*, 75 Cal. 38.)

8. Since the court found that the charges of misfeasance against the respondent were false, it properly allowed him credit for the item of $100 paid for assist-

ance of counsel in defending himself against the same; it would be otherwise if the charges were sustained. (Wœrner's Law of Administration, sec. 516.)

The cause is remanded, with instructions to the superior court to modify the order appealed from in these particulars, viz: 1. Striking out therefrom all allowance for commissions, with leave to respondent to move for an allowance of his reasonable proportion of commissions upon the final settlement of the estate; 2. Allowing to respondent $500 for services of his attorneys, Henley & MacSherry, and striking out the allowance *to* said attorneys; 3. Allowing for services of experts $433.30, instead of $673.30; 4. Allowing for payment of Dr. Buckley $2, instead of $50. And as thus modified the order will stand affirmed.

Hearing in Bank denied.

A motion having been made to recall the remittitur, the following opinion was rendered thereon on the 23d of November, 1895:

THE COURT.—Motion to recall the remittitur herein for the purpose of securing a modifical of the direction made therein for the payment of the costs of the appeal.

Without reference to the merits of the motion, it comes too late. The remittitur was regularly issued on September 6, 1895, and this motion was not noticed until October 18th following. If respondent desired a modification of the judgment in any respect, the proper application should have been made before the going down of the remittitur. (*Gray* v. *Palmer*, 11 Cal. 341.) When the remittitur has been duly and regularly issued, without inadvertence, we have no power to recall it. This court thereupon loses jurisdiction of the cause, except in a case of mistake, or of fraud or imposition practiced upon the court, neither of which elements appear in this case. (*People* v. *Sprague*, 57 Cal. 147; *Rowland* v. *Kreyenhagen*, 24 Cal. 52.)

Motion denied.