[Civ. No. 4244.   Second Appellate District, Division One.—April 28, 1923.]

FEDERICO CHAVEZ et al., Appellants; JOHN J. SCULLY, Plaintiff, v. THOMAS J. SCULLY et al., Respondents; SUSAN W. COOK et al., Defendants.

[1] PARTITION—COUNSEL FEES—DECREE—ALLOWANCE TO PARTIES TO ACTION.—In an action for partition, a court has no authority to provide in the decree for the allowance to the attorneys of fees for their services, and such a provision gives the attorneys no personal interest in the decree or right to be heard in any proceeding to set it aside where they appear only on their own behalf, since section 796 of the Code of Civil Procedure, authorizing the allowance of counsel fees in partition actions, contemplates that the allowance should run in favor of the parties to the action.

MOTION to strike brief of alleged disinterested party from files on an appeal from an order of the Superior Court of Riverside County refusing to vacate a decree of partition.   William H. Ellis, Judge.   Granted.

The facts are stated in the opinion of the court.

Harry M. Irwin for Appellants.

Sarau & Thompson and J. Wiseman MacDonald for Waldo M. York.

CURTIS, J.—The original action was one in partition.   A final decree was entered therein and provided, among other things, that a certain amount should be allowed the parties as attorneys' fees, and then proceeded to apportion said amount to the several attorneys in the case, among whom was Waldo M. York, one of the attorneys for the plaintiffs, who was given one-fourth of the aggregate amount allowed as counsel fees.   After the entry of said final decree, two of the plaintiffs, discovering that an error had been committed therein, were dissatisfied with the decree and immediately took steps to have the same corrected.   Waldo M. York and Harry M. Irwin had acted as their attorneys

1.   Allowance of attorney's fees in partition proceedings, note, 12 Ann. Cas. 854.

during the pendency of the action. Following their decision to attempt to have the decree corrected, they substituted the said Harry M. Irwin as their attorney in the place of the said Waldo M. York and Harry M. Irwin. They thereupon gave notice of motion to set aside and vacate the decree. The court denied the motion and they have appealed to this court from said order denying their motion.

On this appeal, a brief was filed by Messrs. Sarau & Thompson, attorneys for the said Waldo M. York, and in his behalf, entitled "Reply to Appellants' Opening Brief," and the appellants now move this court to strike said brief from the files of this court.

It is contended that said Waldo M. York is not a party to said action and does not have any interest therein sufficient to entitle him to appear or to be heard on this appeal.

The decree, as we have already seen, attempts to fix the amount of attorneys' fees to which each of the attorneys in the case would be entitled. It, therefore, amounts to an order or judgment in favor of the several attorneys for the respective amounts thereby apportioned to them. If the court had authority to make such a decree, then the attorneys would be entitled to enforce the same, and, if the decree were assailed, to defend it against any attacks made thereon, consistent with their duty to their clients.

[1] The authority to allow counsel fees in partition actions is derived from section 796 of the Code of Civil Procedure. This section reads as follows: *"Costs of partition a lien upon shares of parceners.* The costs of partition, including reasonable counsel fees, expended by the plaintiff or either of the defendants, for the common benefit, fees of referees, and other disbursements, must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the judgment. In that case they shall be a lien on the several shares, and the judgment may be enforced by execution against such shares, and against other property held by the respective parties."

It does not appear that this section of the Code of Civil Procedure has ever been before the appellate courts of this state for construction, relative to the power given therein to the court to fix or allow attorneys' fees. It will be observed, however, that the section provides only that counsel fees

may be included in the costs of partition expended by either plaintiff or defendant for the common benefit of all the parties to the action, and that they must be paid by the parties respectively entitled to share in the land divided. The fact that counsel fees are placed in the same category with other costs of suit expended by the parties, would indicate that this provision of the code was made for the protection and reimbursement of the parties, and then only after such costs and attorneys' fees had been paid, or at least incurred. Any decree, therefore, made in accordance with this section, should run in favor of the parties to the action and not to those to whom the parties may have become liable for costs, etc.; otherwise, the decree of partition might provide not only for the payment to the attorneys in the case of their attorneys' fees, but also for the payment to the reporter, the referee, the witnesses, and any other persons to whom any of the parties may have become legally liable for services rendered, which could be properly included in the costs of the action. We apprehend that no one will contend that the section will bear any such construction, yet to maintain that the decree could provide for the payment of attorneys' fees to the attorneys in the action, would in our opinion tend to just such a result.

Statutes similar to the section of the code now under consideration have frequently been before the supreme court of this state, and that court has invariably held that, where the court is given authority to allow attorneys' fees in certain actions or proceedings, such allowance must be made to the party to the action and it has annulled and declared void in every instance, as far as our information goes, orders and decrees made directly in favor of the attorneys.

In a divorce action under the authority of section 137 of the Civil Code, the court ordered attorneys' fees paid to the plaintiff's attorneys. The supreme court set aside the order and in doing so used the following language: "Section 137 regulates the matter in this state, and that section contemplates an order to pay to the wife. . . . When awarded, either by statute or upon general principles, 'suit money' is awarded to her; and by section 137 counsel fees, if ordered to be paid, are ordered as part of her necessary expenses for prosecuting or defending the action for divorce. . . . The order here was a direct judgment for money in

favor of persons not parties to the suit, and to that extent was irregular and void.'' (*Sharon* v. *Sharon,* 75 Cal. 1 [16 Pac. 345].)

In *Sullivan* v. *Gage,* 145 Cal. 759 [79 Pac. 537], the court directed the attorney fees to be paid to the attorneys for the receiver, and the order was held by the supreme court to be defective and was set aside on the ground that the order should have run in favor of the receiver and not his attorneys.

In the *Estate of Levinson,* 108 Cal. 450 [41 Pac. 483, 42 Pac. 479], an allowance of five hundred dollars was ordered paid to the attorneys of the administrator. On appeal the supreme court struck out this allowance on the ground that it should have been made to the administrator and not to the attorney.

In *Briggs* v. *Breen,* 123 Cal. 657 [56 Pac. 633, 886], it was held that the estate is not liable to an attorney, and the allowance for attorney's fees is made to the executor or administrator and not to the attorney.

In the *Estate of Kruger,* 143 Cal. on page 144 [76 Pac. 891, 892], the court states the law to be as follows: ''It is well settled that whatever allowance is to be made from the estate to the executor or administrator for the services of his attorney must be made to the executor or administrator, and cannot be made to the attorney.'' (Citing cases.) ''The attorney employed by an executor or administrator to assist him in the execution of his trust has no claim that he can enforce *against the estate,* either by action or in any other way. His claim is solely against his client, the executor or administrator. He is not by reason of such employment the attorney of the estate, but is simply the attorney of the executor or administrator who selects and employs him. He is not a 'person interested in the estate' within the meaning of those words as used in the section relative to the presentation of exceptions to the accounts of the executor or administrator and the conclusiveness of decrees of settlement of such accounts. He therefore cannot legally file exceptions to an account, for only parties 'interested in the estate' may do so, and exceptions filed by him are ineffectual for any purpose. (*Briggs* v. *Breen,* 123 Cal. 657 [56 Pac. 633, 886].)''

The cases of *In re Levinson, Briggs* v. *Breen,* and *Estate of Kruger, supra,* were decided, however, prior to the amendment of section 1619 of the Code of Civil Procedure, providing that attorneys for executors and administrators shall be allowed out of the estate fees for their own services rendered the estate. As the section now stands and has stood since its amendment in 1909, an order of the court directly in favor of an attorney for his fees in the estate might be assumed to be legal, but this would be due to the positive direction of the code section in favor of attorneys in probate proceedings.

These authorities would indicate that the decree, in so far as it purports to allow *to the attorneys* certain fees for their services, is to that extent invalid. It would, therefore, not give the said attorneys any personal interest in the judgment. Having no such interest therein, they would have no right to appear in the case representing simply themselves and not their clients, or to be heard in any proceeding to annul or set aside the decree.

There is another ground set forth in paragraph II of appellants' points and authorities accompanying their motion and advanced by counsel as a reason why the brief filed by Sarau & Thompson should be stricken from the files of this court. We have carefully considered the argument of counsel in support of this additional ground, and have also examined the brief sought to be stricken from the files of the court. We find nothing in said brief that warrants the attack made against it by counsel for appellants, and in granting the motion to dismiss the same, we do not wish to be understood that we concur in any manner with the argument of counsel made in behalf of his motion and contained in said paragraph II of his said points and authorities.

The motion will be granted solely on the ground that the party for whom Sarau & Thompson appear as attorneys has no interest in said action sufficient to entitle him to appear herein, or to be heard on this appeal.

Appellants' motion is hereby granted and the brief hereinbefore referred to and entitled ''Reply to Appellants' Opening Brief'' is hereby stricken from the files of this court.

Conrey, P. J., and Houser, J., concurred.