[Civ. No. 5896. Second Appellate District, Division One.—December 8, 1927.]

W. C. PENNELL, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

E. O. Leake for Petitioner.

Duke Stone for Respondents.

McLUCAS, J., *pro tem.*—This is an application for a writ of prohibition to prevent the respondents from conducting any further proceedings on account of an order to show cause why the petitioner should not be punished for contempt of court for failure to pay attorney's fees in a divorce action as ordered and adjudged by the respondent court.

It appears from the pleadings that an interlocutory judgment of divorce was granted by respondent court on December 28, 1925, wherein it was ordered as follows: "It is further ordered that W. C. Pennell pay to Duke Stone, Esquire, attorney for plaintiff, Alice Pennell, the sum of Two Hundred ($200) Dollars, attorney's fees, payable forthwith." Immediately thereafter the defendant in said action gave notice of motion to vacate the said judgment, including that portion thereof providing for the payment of attorney's fees, on the ground that such provision was in excess of the jurisdiction of the court and void. This motion was denied, and the defendant was ordered to pay Duke Stone, attorney for plaintiff, the sum of $50 additional fees for appearance on the hearing of said motion. No appeal was taken. On August 29, 1927, an order to show cause, based upon the affidavit of plaintiff alleging the issuance of the said order and judgment to pay the sums of $200 and $50 to plaintiff's attorney, Duke Stone, was issued by the respondent court, ordering the defendant to appear in said court and show cause why he should not be punished for contempt of court for failure to abide by said order and judgment for the p yment of attorney's fees. At the hearing of the order to show cause defendant objected to the jurisdiction of the court to issue said order to show cause or to conduct a hearing thereon, upon the ground that the said order contained in said interlocutory judgment for payment of attorney's fees and said supplemental order for the payment of attorney's fees were in excess of the jurisdiction of the court and were wholly void on their face. The objections were overruled, and on September 23d defendant was found guilty of contempt and sentence continued until October 3d. On October 1st this application for writ of prohibition was filed and an alternative writ was issued by this court on said date.

■ The rule is well settled that a judgment or order for the payment of fees directly to an attorney for one of the parties is a judgment in favor of persons not parties to the suit, and for that reason irregular and void. (*Sharon* v. *Sharon,* 75 Cal. 1, 39 [16 Pac. 345]; *In re Levinson,* 108 Cal. 450, 458 [41 Pac. 483, 42 Pac. 479]; *Sullivan* v. *Gage,* 145 Cal. 770 [79 Pac. 537]; *Chavez* v. *Scully,* 62 Cal. App. 6 [216 Pac. 46].) In the latter case it is said (page 8): ''Statutes similar to the section of the code now under consideration have frequently been before the Supreme Court of this state, and that court has invariably held that, where the court is given authority to allow attorneys' fees in certain actions or proceedings, such allowance must be made to the party to the action and it has annulled and declared void in every instance, as far as our information goes, orders and decrees made directly in favor of the attorneys. In a divorce action under the authority of section 137 of the Civil Code, the court ordered attorneys' fees paid to the plaintiff's attorneys. The Supreme Court set aside the order and in doing so used the following language: 'Section 137 regulates the matter in this state, and that section contemplates an order to pay to the wife. . . . When awarded, either by statute or under general principles, ''suit money'' is awarded to her; and by section 137 counsel fees, if ordered to be paid, are ordered as part of her necessary expenses for prosecuting or defending the action for divorce. . . . The order here was a direct judgment for money in favor of persons not parties to the suit, and to that extent was irregular and void.' (*Sharon* v. *Sharon,* 75 Cal. 1 [16 Pac. 345].)'' In the instant case, the judgment and order for the payment of fees to the plaintiff's attorney being wholly void, the respondent court was without jurisdiction to punish the petitioner herein for contempt of court on account of his failure to obey such void order and judgment. If the affidavit filed with the trial court does not state facts sufficient to charge a contempt of court, that court would not have jurisdiction of the person therein sought to be charged with contempt. (*Commercial Bank* v. *Superior Court,* 192 Cal. 395, 396 [220 Pac. 422], and cases cited.) ■ The remedy for such an excess of jurisdiction ordinarily is by writ of *certiorari* or by *habeas corpus,* where the person is committed to im-

prisonment by an order void because of excess of jurisdiction. (*Commercial Bank* v. *Superior Court, supra;* 4 Cal. Jur. 1030, sec. 10.) The trial of contempt proceedings has been stayed by writ of prohibition where it is manifest from previous orders or decisions of the court that it will proceed, notwithstanding the lack of jurisdiction. (*Commercial Bank* v. *Superior Court, supra.*) In the present case it was manifest that the court would proceed notwithstanding lack of jurisdiction, since the petitioner was found guilty of contempt and sentence continued to a subsequent date.

Respondent contends that since the judgment was attacked directly by the motion to vacate on the ground of lack of jurisdiction, which motion was denied and no appeal taken from the judgment, the question of jurisdiction was thereby finally adjudicated and therefore cannot be raised collaterally. The rule is well recognized that judgments void on their face may always be attacked either directly or collaterally. In *Estate of Pusey*, 180 Cal. 368, 374 [181 Pac. 648], it is said, quoting from *Forbes* v. *Hyde,* 31 Cal. 342, 348: " 'A judgment absolutely void may be attacked anywhere, directly or collaterally whenever it presents itself, either by parties or strangers. It is simply a nullity, and can be neither a basis nor evidence of any right whatever.' (See, also, *Pioneer Land Co.* v. *Maddux,* 109 Cal. 638 [50 Am. St. Rep. 67, 42 Pac. 295], and *Adams* v. *Adams,* 154 Mass. 290 [13 L. R. A. 275, 28 N. E. 260].) " Moreover, the affirmance of a void judgment on appeal does not make it valid. (*Ball* v. *Tolman,* 135 Cal. 375 [87 Am. St. Rep. 110, 67 Pac. 339]; *Pioneer Land Co.* v. *Maddux,* 109 Cal. 633 [50 Am. St. Rep. 67, 42 Pac. 295].) In the present case there was no appeal, but the judgment was void as to payment of attorney's fees to an attorney who was not a party to the action.

A peremptory writ of prohibition will issue prohibiting respondent from conducting further proceedings against the petitioner for contempt.

Conrey, P. J., and Houser, J., concurred.