[Civil No. 3048.   Filed February 23, 1932.]

[8 Pac. (2d) 452.]

## WILLIS S. BROWN, Appellant, v. KITTY BROWN, Appellee.

Mr. Thorwald Larson, Mr. Joseph M. Holub and Mr. Thomas A. Flynn, for Appellant.

No appearance for Appellee.

ROSS, J.—In an action brought by Kitty Brown against Willis S. Brown for divorce the court entered judgment severing the bonds of matrimony, dividing the community property, and awarding the custody of their two minor children to the plaintiff, with allowances for their care.

The defendant appealed from such judgment, whereupon plaintiff filed her petition in the case asking that defendant be ordered to pay her an additional allowance for medical care of the children, also certain costs and expenses that she had been put to in the litigation between them, and also for attorneys' fees to prepare for and defend her case on appeal. After a hearing thereon the court made and entered the following order and judgment (on July 24, 1930):

"It is ordered, that plaintiff (defendant) pay forthwith to defendant (plaintiff) Kitty Brown:

"1. Seventy-five ($75.00) Dollars to be used by her for proper medical attention for William Russell Brown, minor son of the parties hereto;

"2. Two Hundred ($200.00) Dollars to reimburse her for the expense of attending the hearings incident to the litigation in the superior court;

"3. Seventy-seven and 60/100 ($77.60) Dollars expended by her as costs of court;

"4. Two hundred ($200.00) Dollars to be paid to counsel for plaintiff to be used in the preparation of briefs in the two appeals in the above entitled cause.

"It is further ordered that defendant pay to Frank Harrison and Isaac Barth, attorneys for plaintiff, on or before August 3, 1930, the sum of One Thousand ($1,000.00) Dollars as attorneys' fees in the defense of the two appeals now pending in the Supreme Court of Arizona between the parties hereto."

The defendant has appealed from said order or judgment and assigns as errors therefor the lack of jurisdiction in the court to direct him to pay money to plaintiff's attorneys, they not being parties to the action. This assignment appears to be good. Section 2186 of the Revised Code of 1928 vests discretion in the trial court during the pendency of a divorce action to require the husband to pay as alimony money necessary for the prosecution of the action, or for attorneys' fees, or the support and maintenance of the wife and minor children of the parties. Under a statute very similar to section 2186 the California courts have decided that an order to the husband to pay attorneys' fees direct to counsel is void for want of jurisdiction to enter it. In *Pennell* v. *Superior Court*, 87 Cal. App. 375, 262 Pac. 48, it is said:

"The rule is well settled that a judgment or order for the payment of fees directly to an attorney for one of the parties is a judgment in favor of persons not parties to the suit, and for that reason irregular and void. *Sharon* v. *Sharon*, 75 Cal. 1, 39, 16 Pac. 345; *In re Levinson*, 108 Cal. 450, 458, 41 Pac. 483, 42 Pac. 479; *Sullivan* v. *Gage*, 145 Cal. 770, 79 Pac. 537; *Chavez* v. *Scully*, 62 Cal. App. 6, 216 Pac. 46."

We think in reason that any allowance for attorneys' fees, or for the prosecution of her action, or for the support and maintenance of the minor children while in the care and custody of the wife, is for the benefit of the wife, and that the order or judgment therefor should run in her favor. It is also true that her attorneys are not parties to the action and as such amenable to the orders and directions of the court, or entitled to the awards or judgments of a party.

The part of the judgment directing defendant to pay $1,000 directly to plaintiff's attorneys was irregular and void. The other sums were all ordered

to be paid directly to plaintiff for the purposes enumerated, and the judgment as to them is correct.

The judgment is modified by striking therefrom the direction to pay $1,000 attorneys' fees to the attorneys and, as modified, affirmed.

McALISTER, C. J,. and LOCKWOOD, J., concur.