[Civ. No. 8680. Second Appellate District, Division Two.—January 19, 1933.]

ELSIE N. WALTERS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

20

A. B. Edler and Leslie K. Floyd for Petitioner.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondent.

CRAIG, J.—The petitioner, as guardian *ad litem* of a minor child who had been injured by an automobile of one Jerome Barak, effected a compromise of an action for damages which she had filed on its behalf and which arose from said occurrence. The superior court "authorized" such compromise upon the basis of a specified amount of money and the execution of a full and complete release from liability. The court below "further ordered, adjudged and decreed" that certain sums of money be paid therefrom to defray the charges of the hospital and physicians, and that the remainder be used for the maintenance and support of said minor. Thereafter the guardian was ordered to appear before the court and show cause, if any she had, why an order should not be made directing that she draw checks in payment of said expenses forthwith or that the clerk of the court draw the same. Upon a hearing pursuant to the latter order its validity was attacked by the petitioner herein, and it was upheld; and she was subsequently cited

to show cause, if any she might have, why she should not be adjudged in contempt of court, why an order should not be made demanding her to have the moneys of said minor "returned to the jurisdiction of this court and deposited in a bank", and, further, "why the clerk of said superior court should not be empowered and directed to draw checks upon the account of" said minor for the amounts of said hospital and medical charges. The guardian *ad litem* then petitioned this court for a writ of prohibition to restrain the enforcement of the foregoing orders.

█ Section 372 of the Code of Civil Procedure provides, in part, that in such a case the guardian *ad litem* "shall have power to compromise the same and to agree to the judgment to be entered therein for or against his ward, subject to the approval of the court in which such suit is pending". By quotation of the above section and those applicable to general guardians, the respondent attempts to hold the guardian *ad litem* amenable to its supervision in the collection and disbursement of the ward's estate, but said section permits only of the appointment for an infant of a guardian *ad litem* when such infant is a party to an action as plaintiff or defendant, and of a compromise by the guardian with approval of the court in which the action is pending. An appointment thereunder is made in a proper case when deemed expedient "notwithstanding he may have a general guardian and may have appeared by him". (Code Civ. Proc., secs. 372, 373.) It is to be observed that the creditors were not parties to the action compromised, nor were their claims the subject of compromise or approval. The appointment of a guardian in such event being a special power exercised by the trial court, nothing may be read into section 372 of the Code of Civil Procedure to authorize general powers or restraints not intended by the legislature. (*Kidwell* v. *Ketler*, 146 Cal. 12 [79 Pac. 514]; *Waterman* v. *Lawrence*, 19 Cal. 210 [79 Am. Dec. 212].) It is the guardian, and not the court, who is responsible for proper administration of the trust. While in certain respects subject to the control and supervision of the court, the guardian is not made answerable except for conduct authorizing suspension or discharge for the custody and general management of the ward's estate. (*De Greayer* v. *Superior Court*, 117 Cal. 640 [49 Pac. 983, 59 Am. St.

Rep. 220].) For the reasons stated, argument and citation of authorities by the respondent with reference to litigated questions arising between parties to an action are not pertinent.

Finally, it is contended that prohibition will not lie to review such orders, since the petitioner might have had a right of appeal therefrom. It is unnecessary to determine as to what procedure an unlawful order or judgment may be made the basis, when assailed directly or indirectly for the purpose of having the same tested as to its validity. (*Pennell* v. *Superior Court*, 87 Cal. App. 375 [262 Pac. 48].) That the questioned orders were unauthorized and void, we think is manifest.

The writ of prohibition is granted as prayed.

Works, P. J., and Stephens, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 20, 1933.

Shenk, J., and Preston, J., dissented.