407 P.2d 395

Robert WARREN, Appellant,

v.

Mona WARREN, Appellee.*

No. 2 CA–CIV 46.

Court of Appeals of Arizona.

Nov. 9, 1965.

Rehearing Denied Jan. 18, 1966.

* This appeal was filed with the Arizona Supreme Court and assigned that court's No.

7799. The matter was referred to this court pursuant to A.R.S. § 12–120.23.

Norval W. Jasper, Tucson, for appellant.

Walter M. Stevenson, Tucson, for appellee.

MOLLOY, Judge.

This is an appeal by Robert Warren from a decree of absolute divorce granted to Mona Warren and from a denial of motions to amend judgment and for a new trial. The decree of divorce was filed June 25, 1962, and by its terms granted alimony and child support to the appellee.

The facts are not seriously disputed, nor does this appeal attack the decree granting Mona an absolute divorce. Appellant's assignments of error are directed at the alimony provisions.

The parties had been married approximately 14 years at the time of the decree, and had three young children. The trial court awarded $275.00 per month child support, and the appellant has not contested this award. At the time of the trial, the appellant's gross monthly salary was $905.00; his net salary was $662.24. Deductions from the gross had included for several years contributions to two company funds, one a stock purchase plan and the other an annuity retirement plan. Testimony revealed that the appellant was provided by his employer with an automobile and an expense account amounting to about $150.00 per month. It also appeared that appellant had received income tax refunds for the two years immediately preceding the decree, and had received substantial salary increments during those years.

The only appreciable assets of the community at the time of divorce were the stock purchase plan and the annuity pension plan.

The trial court, in addition to the $275.00 per month child support award, ordered the appellant to pay $150.00 in alimony to the appellee, divided the community property between the parties, with the stock plan going to the wife and the annuity pension plan to the husband, awarded permanent custody of the children to the appellee, ordered the appellant to make continuing contributions to the stock purchase plan for the benefit of appellee, and made various other property provisions not applicable to this appeal.

Ignoring the automobile, the expense account, the tax refund and the possibility of future salary increase, the appellant would be left with $237.00 per month out of a net income of $662.24 per month.

By contrast, the appellee had no present source of income whatever. She had married the appellant after completing but a single year of high school and had held several simple jobs which provided no special training or preparation for gainful employment. Evidence revealed that in the ten years prior to the divorce her total individual income had been approximately $200.00.

Appellant's principal contentions center on the stock purchase plan which appellant was ordered to maintain for the benefit of the appellee as part of the alimony award. It is the appellant's position that this element of the award amounts to error, first as a distribution of appellant's separate property contrary to the law of Arizona, and secondly, because by the terms of the award the appellant is subjected to an "involuntary servitude" contrary to the Thirteenth Amendment of the Constitution of the United States.

Appellant does not question the community character of the accumulated value of the plan at the time of marital dissolution. His contributions prior to divorce consisted in deductions from his salary, which certainly qualifies as community

property. A.R.S. § 25–211, subsec. A. Appellant contends, however, that the court order requiring future contributions by appellant to the stock plan, to assure its continuance, and the award of amounts to accrue in the future under the plan constitutes an award of his separate property. This contention is founded upon A.R.S. § 25–318, which provides in part:

"A. On entering a judgment of divorce the court shall order such division of the property of the parties as to the court seems just and right, according to the rights of each of the parties and their children, without compelling either party to divest himself or herself of title to separate property.
. * * *"

The trial court, recognizing the legislative mandate to effect a just division of the community property, obviously intended to provide both husband and wife some security against the future. Under the stock plan, substantial contributions by the employer would be forfeited if the appellant voluntarily terminated his employment prior to maturity of the plan. This fact undoubtedly motivated the trial court to order the appellant to maintain his employment. A laudable intent cannot, however, sustain a division contrary to law. A.R.S. § 25–318 specifically proscribes divestiture of either party's separate property.

The stock plan, at the time of the decree, was clearly community property, regardless of the fact that the plan was in the husband's name. Blackman v. Blackman, 45 Ariz. 374, 43 P.2d 1011 (1935); Schwartz v. Schwartz, 52 Ariz. 105, 79 P. 2d 501, 116 A.L.R. 633 (1938). Once the decree was final, however, the community was dissolved and the proceeds and incidences of the husband's employment would no longer be community assets subject to division by the court. One of the incidents of the husband's employment with Standard Oil Company of California is his right to participate in the company's stock plan. An examination of this contract clearly establishes that this right arises solely as a result of the contract of employment and is contingent upon the continuation of such employment until death, disability, or attainment of the age of 60 years. We hold that his continuing rights under this contract arising by reason of his employment after the divorce are separate property and cannot under our law be awarded to the wife in the divorce decree.

■ This court also recognizes that by the terms of the decree the appellant is "* * * required to keep said plan in full force and effect and to make the necessary contributions thereto until one of the said events happens." Such an order purports to require the husband to make payments to a third party for the benefit of the appellee-wife. In Collins v. Superior Court, 48 Ariz. 381, 62 P.2d 131 (1936), the Arizona Supreme Court ruled that a trial court is without jurisdiction to award alimony in this manner, and accordingly held that a husband could not be punished for contempt for failure to make payments to a mortgagee of property partially awarded to the wife in the divorce decree. The court said, at p. 400, 62 P.2d at p. 140:

"Had the order been, in the present case, that relator pay to his wife a specific sum to be used by her in meeting the mortgage and taxes on the premises, it might be that the order could be sustained as alimony, although we express no opinion on this point, but certainly in view of all of the authorities, an order to pay money to third parties, to wit, the holder of the mortgage on the premises, and to the tax collector of Maricopa county, is void for want of jurisdiction of the court to make it."

In Brown v. Brown, 39 Ariz. 542, 8 P.2d 452 (1932), the Supreme Court held that part of a divorce decree directing the husband to pay a sum directly to the wife's attorneys was irregular and void.[1]

---

1. This latter situation has been corrected by statute, however, subsequent to the Brown decision. A.R.S. § 25–371.

A.R.S. § 25–319 provides in part that:

"A. In the final judgment of divorce the court may, in addition to division of the common property of the parties or in lieu thereof, direct the husband to pay *to the wife* such amounts as are necessary for support and maintenance of the wife and minor children of the parties whose custody is awarded to the wife, as may be necessary or proper." (Emphasis added)

The language is clear. The court may award alimony " * * * to the wife * * *," not to third persons not parties to the action. See Pennell v. Superior Court, 87 Cal.App. 375, 262 P. 48 (1927), quoted in Brown v. Brown, supra.

The appellant's contention, therefore, is well-founded. The provision pertaining to the stock plan is both beyond the jurisdiction of the court, and contrary to law as an award of the husband's separate property. Without more, the provision could not be upheld.

For this reason, we do not pass upon the appellant's contention that the order of the court imposed an involuntary servitude upon the appellant.

■ Appellant's initial contention may now be considered. It is argued that the award by the trial court of $150.00 per month alimony to the appellee is excessive, and that the trial court therefore abused its discretion in making such an award.

■ The trial court's discretion in awarding alimony is beyond question. A.R.S. § 25–319; Schuster v. Schuster, 42 Ariz. 190, 23 P.2d 559 (1933); Britz v. Britz, 95 Ariz. 247, 389 P.2d 123 (1964); Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963). And, while we agree in principle with appellant's contention that an award which is clearly excessive and oppressive may be upset as an abuse of discretion, Tennery v. Tennery, 35 Ariz. 69, 274 P. 638 (1929); Cummings v. Lockwood, 84 Ariz. 335, 327 P.2d 1012 (1958),

we disagree with the argument that the facts presented demonstrate such an abuse.

For the reasons given, that portion of the divorce decree awarding the stock option plan to the appellee cannot be upheld. All other provisions are affirmed and are binding on the parties and the trial court. Spector v. McFate, 95 Ariz. 88, 387 P.2d 234 (1963). However, for this court to merely cancel the stock plan provisions of the decree would be to upset the very equitable division of community property effected by the learned trial judge. To avoid such a result, and to prevent the necessity of expensive relitigation, we order the judgment to be modified as follows.

■ The appellant shall be ordered to pay to the appellee as part of her share of community property an amount equal to the total value of the stock plan as of June 25, 1962 (date of the divorce decree in the lower court), plus interest at the rate of six per cent per annum. The principal amount so owing shall be paid on or before the time that the plan matures or is terminated by the death, disability, age or cessation or employment of the appellant. Interest on said indebtedness is to be paid as follows: all accrued interest is to be paid as soon as the value of the stock purchase plan is determined by the court below and an appropriate modified decree entered and subsequent interest is to be paid annually thereafter. The trial court is directed to determine, on remand, after a hearing specially set, the total value of the stock plan as of June 25, 1962, including both the member's account and the contingent account, without considering any impairment in value by reason of the contingency that the appellant may voluntarily terminate his employment.

The trial court is directed further to grant to the appellant as his separate property both the stock plan and the annuity plan and to impose a lien thereon pursuant to A.R.S. § 25–318 in appellee's favor as firm security for all payments ordered for alimony, child support and division of com-

munity property. Spector v. Spector, 94 Ariz. 175, 382 P.2d 659 (1963).

The case must be remanded with instructions to the trial court to determine the value of the stock plan at the time of the decree, and to enter a modified judgment in accordance herewith.

Affirmed as modified. Remanded with instructions.

KRUCKER, C. J., and HATHAWAY, J., concurring.