* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7517. The matter was referred

In the present case no mention of the prior conviction is set forth in the minutes of the time of sentencing nor did the signed judgment of guilt contain any reference to the fact of a prior conviction.

The statute prohibiting obstructing public officers provides for a punishment by a fine not exceeding five thousand dollars and imprisonment in the state prison for not to exceed five years, or by imprisonment in the county jail for not to exceed one year. The sentence of five to eight years clearly is in excess of the statutory maximum and constitutes an abuse of the trial court's discretion.

The judgment of guilt is affirmed.

The sentence is vacated and the cause remanded for proceedings consistent with this opinion.

CAMERON and DONOFRIO, JJ., concurring.

414 P.2d 769

**Bessie SPRING, Appellant,**

v.

**E. A. SPRING, Appellee.***

**No. I CA–CIV 294.**

Court of Appeals of Arizona.
June 1, 1966.

Review Denied Sept. 27, 1966.

to this Court pursuant to Section 12–120.23 A.R.S.

**382**

Renz L. Jennings and Hess Seaman, Phoenix, for appellant.

Stockton & Hing, by Robert O. Hing, Phoenix, for appellee.

KRUCKER, Chief Judge.

This is an appeal from an order requiring Mrs. Spring to pay attorneys' fees to the law partnership of Stockton and Aldrich, which had undertaken to represent her in a divorce action and had filed a divorce complaint on her behalf.

Early in 1959, the law partnership of Stockton and Aldrich was engaged by Mr. and Mrs. Spring for the purpose of attempting settlement of certain marital difficulties. Their attempts were unsuccessful and the Springs decided to separate. An extensive property settlement agreement was prepared which provided for disposition of substantial community property interests of the parties. However, on November 29, 1960, Stockton and Aldrich undertook representation of Mrs. Spring, individually, filing a complaint for divorce on her behalf. It was alleged in the complaint that both parties had consented to this legal representation in the divorce action by Stockton and Aldrich.

On August 31, 1961, Mrs. Spring filed a petition to allow substitution of counsel and on September 7, 1961, Stockton and Aldrich filed their response alleging that they had no objection to a substitution of counsel provided they were paid "reasonable compensation for their services to date". To accomplish this, the partnership asked that they be allowed a reasonable time "before substitution is ordered" to enable them to petition for an order upon both parties to show cause why such reasonable attorneys' fees should not be fixed and paid "in advance of any authorized substitution of attorneys." However, no petition for attorneys' fees and order to show cause was ever filed in this action.

The petition for substitution of counsel was set for hearing and on September 8, 1961, the matter was heard by the court. Over strenuous objection, Stockton and

Aldrich were permitted to introduce considerable testimony regarding the value of all services rendered to Mr. and Mrs. Spring, jointly, and to Mrs. Spring, individually. The hearing was continued to September 29, 1961, to enable Mrs. Spring to offer controverting evidence relative to the measure and extent of services rendered and as to their reasonable value.

Thereafter, on September 19, 1961, Mrs. Spring filed an instrument which purported to dismiss the action for divorce pursuant to Rule 41(a) (1), Arizona Rules of Civil Procedure, 16 A.R.S. On September 27, 1961, the court filed its findings of fact and conclusions of law regarding the petition for substitution of attorneys and entered judgment in favor of Stockton and Aldrich in the amount of $17,500.00. The court also entered an order substituting the law firm of Heineman and Marron as attorneys for Mrs. Spring.

█ The basis issue for determination in this appeal is the effect of the act of Mrs. Spring in voluntarily dismissing the complaint of divorce after the first hearing held by the court on her petition for substitution of attorneys. It is alleged that this action of dismissal removed jurisdiction in the court to enter any further order in the case. Rule 41(a), Arizona Rules of Civil Procedure, 16 A.R.S., provides in part:

"1. * * * an action may be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or by filing a stipulation of dismissal signed by all parties who have appeared in the action. * * *"

Since the adoption of this rule had as its source Rule 41(a), Federal Rules of Civil Procedure, we are persuaded by rulings of the federal courts regarding interpretation of this rule. In the case of Wilson & Co. v. Fremont Cake & Meal Co., 83 F.Supp. 900, 903 (D.Neb.1949), referring to plaintiff's "motion" to dismiss, the United States District Court stated:

"* * * by the unmistakable mandate of Rule 41(a) (1) it is made self executing 'without order of court'. * * * Furthermore, it was not required to be served on any one at any time, but was only to be filed. * * * That provision of the rule derives emphasis from two sources, first, its departure from the general policy of the rules requiring the service of pleadings, secondly, its distinction from the provisions of Rule 41(a) (2) whereby service of a plaintiff's motion to dismiss after the service of answer is expressly contemplated. The reason for the distinction is at once apparent. The notice of dismissal contemplated by Rule 41(a) (1) terminates the action and leaves nothing to be done either by opposing parties or by the court."

In A. B. Dick Co. v. Marr, 197 F.2d 498, 502 (2d Cir. 1952), cert. den. 344 U.S. 878, 73 S.Ct. 169, 97 L.Ed. 680, reh. den. 344 U.S. 905, 73 S.Ct. 282, 97 L.Ed. 699, the court stated:

"* * * voluntary dismissal of a suit leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought, (citing case) thus vitiating and annulling all prior proceedings and orders in the case, and *terminating jurisdiction over it for the reason that the case has become moot.*

(Citing cases.) * * * 'Where by an act of the parties, or a subsequent law, the existing controversy has come to an end, the case becomes moot and should be treated accordingly.' " (Emphasis supplied.)

We believe that Mrs. Spring's voluntary dismissal of the divorce action, by filing notice of dismissal in accordance with Rule 41(a) (1), ended the matter and the court lost all jurisdiction to enter any further orders or take any other action with regard thereto. "The dismissal is completely effective upon the filing of a written notice of dismissal." 5 Moore's Federal Practice (2d ed. 1963), page 1009. The only possible justification for concluding otherwise would require a finding that an answer or motion

for summary judgment had been filed prior to the notice of dismissal. Rule 41(a) (1), Arizona Rules of Civil Procedure, 16 A.R.S. The record discloses, however, that the only papers filed were Mrs. Spring's petition for substitution of attorneys and the response thereto filed by Stockton and Aldrich. In discussing what constitutes an answer within the contemplation of Rule 41 (a) (1), it was stated in Wilson & Co. v. Fremont Cake & Meal Co., supra, at 83 F.Supp. 904:

> "The employment of the term 'answer' in Rule 41(a) (1) cannot be assigned to inadvertence or to unconsidered selection of the word. It signifies an answer as that expression is used in the rules, and, thus used, it does not include a motion."

In the case before us, the court entered its judgment granting Stockton and Aldrich attorneys' fees in the sum of $17,500.00. At the same time, the court entered an order substituting the law firm of Heineman and Marron as Mrs. Spring's attorneys of record in her divorce action. However, both were filed on September 27, 1961, eight days after Mrs. Spring had dismissed the divorce action by filing her dismissal in accordance with Rule 41(a) (1). As noted in 7 C.J.S. Attorney and Client § 121, page 952 (1937):

> "An order substituting one attorney for another is merely an incident in the progress of a cause, and no such order can be made by a court in which no cause or proceeding is pending to which such order can relate; * * *."

■■ We do not hold that a dismissal under Rule 41(a) (1), Rules of Civil Procedure, 16 A.R.S., would necessarily terminate a case in all situations in which no answer and no motion for summary judgment has been filed by the adverse party. Appellee relies upon Butler v. Denton, 150 F.2d 687 (10th Cir. 1945), which holds that the right to dismiss without leave of court does not exist after a complaint in intervention has been filed. We do not consider Butler v. Denton applicable because we believe there is a fundamental difference between the status of an intervening party and that of a counsel of record of a party. Here such controversy as existed before the lower court for determination when the motion to dismiss was filed was not one between parties to the suit but between one party and her counsel. We held in Warren v. Warren, 2 Ariz.App. 206, 407 P.2d 395 (1965) that a decree directing certain payments to a person not a party to the action was illegal and void. See Pennell v. Superior Court, 87 Cal.App. 375, 262 P. 48 (1927), and Brown v. Brown, 39 Ariz. 542, 8 P.2d 452 (1932). The reasoning of these cases is based on the premise that a judgment cannot be rendered in favor of a person not a party to an action and that such a judgment is void.

■ Since Brown v. Brown, supra, Arizona has adopted a statute giving to the trial court, whenever it "* * * orders one of the parties to pay attorney's fees for the benefit of the other * * *" in a domestic relations case, authority to order such payment made directly to the attorney. A.R.S. § 25–371. But by its express terms this statute is not applicable to the present situation in which the trial court attempted to order a party to pay her own attorney.

In accordance with the facts of this case and the foregoing discussion, we hold that Mrs. Spring's voluntary dismissal of the divorce action terminated all jurisdiction of the court over the matter and that the court had no jurisdiction thereafter to enter judgment awarding Stockton and Aldrich attorneys' fees or its order substituting attorneys.

Reversed.

HATHAWAY and MOLLOY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.