NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, ex rel., DEPARTMENT OF ECONOMIC
SECURITY, et al., *Petitioners/Appellees*,

*v.*

VICTOR M. MARTINEZ, *Respondent/Appellant*.

No. 1 CA-CV 17-0247 FC
FILED 8-30-2018

Appeal from the Superior Court in Maricopa County
No. DR 1998-022720
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**VACATED**

APPEARANCES

Victor M. Martinez, Phoenix
*Respondent/Appellant*

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Petitioners/Appellees State/DES*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

¶1 Victor M. Martinez appeals the superior court's child support order and orders denying his motions. For the following reason, we vacate the superior court's November 30, 2016, order and the commissioner's March 1, 2017, orders.

### FACTS[1] AND PROCEDURAL HISTORY

¶2 Martinez and Debbie Tellez ("Mother") are the parents of a daughter, born in September 1998. On July 29, 2016, Martinez filed a request for mediation to modify the child support order issued in 2011. The parties did not reach an agreement in mediation, and in August 2016, Father filed a petition to modify the parenting-time agreement and child support obligation.

¶3 In September 2016, Martinez filed a petition to enforce the existing parenting-time agreement because daughter missed a scheduled visit. On November 15, 2016, the family court held a hearing on the enforcement petition. The court denied the petition because the daughter was 18 years of age and no longer subject to parenting-time orders. The court addressed only the enforcement petition and not the previously-filed petition to modify parenting time and child support.

¶4 After the enforcement hearing, Martinez filed a motion to dismiss his petition for modification of child support because the petition was based on his request for equal parenting time. The family court held another hearing on November 30, 2016. At that hearing, the court did not

---

[1] Martinez provides a limited statement of the case that does not cite to the record as required by Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(A)(4) and (5), and the State submits an alternative statement of the facts. We will not consider the facts in the opening brief and instead rely upon the State's facts and our independent review of the record. *State Farm Mut. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n.1 (App. 1998).

explicitly rule on the motion to dismiss and referred the petition to modify child support to the Title IV-D commissioner. Martinez then filed a notice dismissing his attorney because they had "lost their ability to communicate."

**¶5**        On March 1, 2017, the Title IV-D commissioner held the child support hearing. Martinez failed to appear at the hearing. The commissioner increased Martinez's child-support payment, which the State had calculated using the Arizona Child Support Guidelines, and denied Martinez's motion to dismiss as moot.

**¶6**        On March 13, 2017, Martinez filed a motion to amend the child support order and requested a new hearing, and on March 21, 2017, filed a motion to reconsider the child support order. On March 27, 2017, the commissioner denied the motion to reconsider. Two days later, Martinez appealed the child support order. This court stayed the appeal, pursuant to ARCAP 9(e), and revested jurisdiction in the superior court to rule on the motion to amend. The commissioner denied the motion to amend, and Martinez filed another notice of appeal. This court consolidated the appeals.

## DISCUSSION

**¶7**        We review an order modifying child support for an abuse of discretion. *Sherman v. Sherman*, 241 Ariz. 110, 112, ¶ 9 (App. 2016). A superior court abuses its discretion when it commits an error of law while reaching a discretionary conclusion. *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455-56 (1982).

**¶8**        Martinez argues that the superior court should have granted his motion to dismiss because Mother had not requested a hearing. He does not cite to the record or provide supporting legal authority for his argument as required by ARCAP 13(a)(7). As a *pro per* litigant, he is held to the same standard as is expected of an attorney. *Higgins v. Higgins*, 194 Ariz. 266, 270, ¶ 12 (App. 1999). We could construe Martinez's failure to comply with the rule as waiver and dismiss this issue on appeal. *Melissa W. v. Dep't of Child Safety*, 238 Ariz. 115, 117-18, ¶ 9 (App. 2015). In an exercise of our discretion, however, we decide the appeal on its merits. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966) (noting the court is "inclined to decide cases on their merits").

**¶9** Arizona Rule of Family Law Procedure ("ARFLP") 46(A) allows a petitioner to voluntarily dismiss a petition "without order of court by filing a notice of dismissal at any time before filing of a response." This dismissal is "absolute, self-executing, and accomplished automatically by plaintiff's filing a notice of dismissal." *Goodman v. Gordon*, 103 Ariz. 538, 540 (1968).[2] On November 23, 2016, Martinez filed a motion to dismiss, which is indistinguishable from a notice of dismissal. *See Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976) (noting that filing of a motion instead of a notice is "a distinction without a difference"). The only remaining issue is whether a response was previously filed.

**¶10** The State's Answering Brief asserts that Mother requested the superior court deny the motion to dismiss because she had responded to the petition and wanted the increased child support the State had proposed. The State's only support for the proposition that Mother had responded to the petition is testimony it gave on behalf of Mother during the March 1, 2017, hearing: "She's been forced to respond to this petition, and she wants to see it through and have the increase in support." However, the record does not evidence that any response from Mother or the State was filed before the motion to dismiss.[3]

**¶11** Without a response, Martinez's motion to dismiss instantly "terminated all jurisdiction of the court over the matter." *Spring v. Spring*, 3 Ariz. App. 381, 384 (1966).

---

[2] We are persuaded by rulings interpreting Arizona Rule of Civil Procedure 41 because ARFLP 46 was based on this rule. *See* ARFLP 46, Committee Comment ("This rule is based in part on Rule 41, Arizona Rules of Civil Procedure.").

[3] On November 7, 2016, the State filed a Notice of State's Non Appearance and Request for Referral of IV-D Child Support Matters. This is the only filing by the State or Mother before Martinez filed his motion to dismiss.

**CONCLUSION**

**¶12** Because the court and commissioner lacked jurisdiction after Martinez filed his motion to dismiss, we vacate the superior court's November 30, 2016, order and the commissioner's March 1, 2017, orders.



AMY M. WOOD • Clerk of the Court
FILED: AA

5