S. F. No. 2249.   Department One.—March 28, 1902.]

## GEORGE H. HARRINGTON, Respondent v. MAX GOLDSMITH, Appellant.

PARTITION—PROOF OF TITLE—STATE PATENT—COLLATERAL ATTACK.—In an action for the partition of land, a patent from the state which is not void upon its face is evidence of the title of the plaintiff, who claims thereunder; and it cannot be collaterally attacked in such action for any irregularity of the proceedings upon which it is based.

ID.—DEED—DESCRIPTION OF LAND—MERIDIAN—JUDICIAL NOTICE.—The failure of a deed to name the meridian from which the township and range were numbered, described as being located in Santa Cruz County, does not invalidate the deed. The court will take judicial notice that the meridian of Mt. Diablo is the only meridian for townships and ranges in that county.

ID.—EVIDENCE—DEED INTENDED AS MORTGAGE—HEARSAY—IRRELEVANT TESTIMONY.—A witness not a party to the suit cannot prove declarations of the defendant to establish that a deed to the defendant from his grantor was intended as a mortgage from such grantor to the witness. Such declarations are hearsay and irrelevant; and testimony that the defendant's grantor was indebted to the witness is irrelevant.

ID.—INTERLOCUTORY DECREE—COSTS.—The court has no authority to include in an interlocutory decree in partition a judgment for costs against the defendant. Costs cannot be allowed until the final judgment is entered.

APPEAL from an interlocutory decree of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge

The facts are stated in the opinion of the court.

Charles B. Younger, for Appellant.

Joseph H. Skirm, for Respondent.

HARRISON, J.—The plaintiff seeks herein a partition of a tract of land in the county of Santa Cruz, alleging in his complaint that he is the owner of an undivided two thirds thereof, and that the defendant is the owner of an undivided one third thereof. The defendant in his answer denied that either the plaintiff or himself was the owner of any part of the land, and asked that the action be dismissed. The court found in accordance with the claim of the plaintiff, and made an interlocutory decree accordingly. The defendant has appealed.

The patent from the state of California, which included the lands in question, was evidence of the title of the grantees therein, and was admissible in evidence in support of the plaintiff's claim. It was not void upon its face, and could not be attacked collaterally for any irregularity of proceedings upon which it was issued. (*Doll* v. *Meador,* 16 Cal. 295.)

The failure to name in the description of the land in the deed from Scott to Sloan the meridian from which the township and range were numbered did not invalidate the deed. The property was described as being in the county of Santa Cruz, and the court took judicial knowledge that the meridian of Mt. Diablo is the only meridian for the townships and ranges in that county. (*Faekler* v. *Wright,* 86 Cal. 210; *Rogers* v. *Cady,* 104 Cal. 288.[1])

The court excluded certain evidence which was offered on behalf of the defendant for the purpose of showing that the conveyance to him was intended as a mortgage from his

[1] 43 Am. St. Rep. 100.

grantor to one Levi. Neither the defendant nor his grantor was produced as a witness at the trial, but it was sought to show this fact by the testimony of Levi alone. Levi was not a party to the suit, and it is not claimed that any lien in his favor upon the property appeared of record. The testimony offered by him was hearsay, and was incompetent as well as irrelevant. Whether the defendant's grantor was indebted to the witness was irrelevant to any issue in the case, and the defendant could not, by any declaration to the witness, change the effect of the terms of the deed to himself.

The court was not authorized to include in the interlocutory decree a judgment for costs against the defendant. That decree is only a determination of the respective interests of the parties in the land, preliminary to the final judgment of partition, and is, as its terms import, merely interlocutory in the proceedings (*Hastings* v. *Cunningham,* 35 Cal. 549); and it is only after final judgment that costs are to be allowed. The provision in section 796 of the Code of Civil Procedure, that the costs of partition may be included and specified in the judgment, controls upon this point, and is exclusive.

The superior court is directed to modify the interlocutory decree by striking therefrom the provision with reference to costs, and, as so modified, the decree will stand affirmed.

The costs of this appeal are to be borne by the appellant.

Garoutte, J., and Van Dyke, J., concurred.