[Civ. No. 4110. Third Appellate District.—June 9, 1930.]

EVERETT CLYDE HARVEY et al., Respondents, v. CLAYTON CULVER STAFFORD et al., Appellants.

J. Vincent Hannon for Appellants.

J. W. Faulkner for Respondents.

PULLEN, J., *pro tem.*—The parties hereto were the owners of a certain parcel of real estate situated in the city of El Monte. Respondents brought an ordinary partition suit to sever the common ownership. An answer was interposed by appellants and thereafter an interlocutory judgment was entered based upon an agreed statement of facts, determining the respective interests of the parties, that the property could be equitably divided according to the respective interests of the parties, without loss or damage to either of those interests, and appointing referees.

The matter was then continued to a day certain to receive the report of the referees, and thereafter respondents served notice of motion for the allowance of the final report of the referees and for allowance of attorney's fees and costs.

The trial court heard the matter and entered its final judgment, awarding the property in accordance with the findings of the referees, and fixed the costs, referees' fees and attorney's fees, and found that the same were expended for the common benefit of the plaintiffs and defendants.

It is from that portion of the decree directing appellants to pay one-half of the attorney's fees that this appeal is brought.

Appellants contend respondents having failed to file a cost bill claiming attorney's fees, that they are now precluded from recovering the same. The contention of appellants is without merit. Section 796 of the Code of Civil Procedure provides as follows:

"The costs of partition, including reasonable counsel fees, expended by the plaintiff or either of the defendants, for the common benefit, fees of referees, and other disbursements, must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the judgment. In that case they shall be a lien on the several shares, and the judgment may be enforced by execution against such shares, and against other property held by the respective parties. When, however, litigation arises between some of the parties only, the court may require the expense of such litigation to be paid by the parties thereto, or any of them."

"The provision in section 796 of the Code of Civil Procedure, that the costs of partition may be included and specified in the judgment, controls upon this point, and is exclusive." (*Harrington* v. *Goldsmith,* 136 Cal. 168–170 [68 Pac. 594, 595].)

The above-quoted section being exclusive in its terms as to the claiming and allowing of costs, including attorney's fees, no memorandum of costs is required to be filed, as provided by section 1033 of the Code of Civil Procedure.

The judgment is affirmed.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.