[L. A. No. 12342. In Bank.—May 23, 1932.]

AGLAE S. CAPUCCIO, Respondent, v. ARTHUR J. CAIRE et al., Defendants; SANTA CRUZ ISLAND COMPANY, Appellant; EDMUND A. ROSSI, Respondent.

Joseph F. Bluxome and Frank P. Deering for Appellant.

Ambrose Gherini, Orrin K. McMurray and James E. Lyons for Respondents.

WASTE, C. J.—This is an appeal from certain orders or decrees granting the plaintiff's motion for counsel fees, fixing the reasonable value of the fees at $75,000, apportioning the same between the parties to this partition action, and denying the appellant's application for special findings.

The litigation out of which this appeal arises is of long standing, having received the attention and consideration of this court on several occasions. Its protracted character, and the effect upon this appeal of what has gone before, may best be illustrated by quoting from our most recent decision in the cause (207 Cal. 200 [73 A. L. R. 8, 277 Pac. 475]), in part as follows:

"The legal troubles and disputes of the parties to this action, in so far as these relate to their contentions upon these and certain former appeals, date their inception from the year 1912, when a certain corporation known as the Santa Cruz Island Company, and of which the parties to this litigation, or the predecessors of some of them, were the stockholders, failed to pay the corporate license tax due under the provisions of the act of March 20, 1905, and the amendments thereto, and in consequence forfeited its corporate charter. In May, 1912, Edmund A. Rossi, one of the appellants therein, acquired from Amelia A. Rossi her shares and interest as a stockholder in and to the property and assets of said corporation and thereupon commenced an action against the directors or trustees of said corporation, the purpose of which action was to enjoin the said directors and trustees from continuing to carry on the business of said defunct corporation and to compel them as the trustees thereof to wind up its affairs, pay its debts and distribute its assets among its stockholders according to their respective interest therein. When that action reached this court upon appeal one of the questions presented for determination related to the nature of the interest which the stockholders of such corporation had, respectively, in its real and personal properties and assets from and after the date of the forfeiture of its corporate charter, and this court, while holding that this question was incidental to the relief which was the main object of the action, nevertheless deemed it necessary to determine that, the corporation having ceased to exist and being thus no longer capable of holding the title of property, such property belonged to the persons who were its stockholders at the time it ceased to be a corporation, subject to the temporary possession of its directors, who, upon its dissolution, had become its trustees for the purpose of winding up the affairs of the former corporation and making distribution of its assets to the real owners thereof,

which owners, in so far as the real estate was concerned, were held to have become tenants in common thereof. There were certain other matters determined upon said appeal not necessary now to be referred to, but the orders appealed from were reversed and the cause remanded to the trial court for further proceedings. The decision of this court upon that appeal was handed down on December 16, 1916, and the *remittitur* therein was duly issued thirty days thereafter (174 Cal. 74 [161 Pac. 1161]). Thereafter, and on August 8, 1917, another action was instituted by said Edmund A. Rossi, which had for its purpose that of obtaining an accounting and distribution among the former stockholders of said corporation according to their respective interests in its property arising from the forfeiture of its corporate charter. The principal questions presented in that action and upon appeal from the judgment rendered therein related to an attempted revival of said corporation under certain later amendments to the earlier statute under the terms of which it had suffered the forfeiture of its charter. When that action reached this court upon appeal it was held, in conformity with the earlier decision above referred to, that said corporation, having ceased to exist under the state law as it stood when its said charter was forfeited, it could not be the subject of a revival, at least in the absence of a consent on the part of all its former stockholders whose respective rights in and to its properties had become vested when such corporation had ceased to exist. This court in the state of said appeal did not deem it necessary to determine the precise nature of the interests of the former stockholders of said defunct corporation in its properties, but apparently assumed that that question had been correctly decided upon the former appeal. The judgment of attempted revivor was reversed and the cause remanded to the trial court for further proceedings not inconsistent with the views expressed in the opinion. The decision of this court upon that appeal was handed down on July 28, 1921, and in due course became final (186 Cal. 544 [199 Pac. 1042]). In the meantime, and while this latter action was pending upon appeal in this court, and in the month of May, 1918, the plaintiff herein instituted in said superior court the present action, which had for its purpose the partition of the lands of Santa Cruz island among the parties to this action who, the plain-

tiff alleged were tenants in common thereof. Santa Cruz island, which is the largest of the so-called Channel islands, is situate off the coast of the county of Santa Barbara, but is included within its boundaries, and consists of about 58,800 acres of land; and prior to the dissolution of the aforesaid Santa Cruz Island Company had constituted the real estate holdings of said corporation and the lands and real properties thereof to which, according to the terms of the first case of *Rossi* v. *Caire,* 174 Cal. 74 [161 Pac. 1161], the former stockholders of said defunct corporation had succeeded as tenants in common thereof. The trial court, upon the issue joined in this latter action, determined that the plaintiff therein was entitled to an interlocutory decree of partition of said real properties among the parties thereto and who constitute the tenants in common thereof in conformity with the earlier decision of this court in the first case of *Rossi* v. *Caire.* Upon appeal to this court the judgment of the trial court to that effect was affirmed in an opinion filed on September 14, 1922 (189 Cal. 514 [209 Pac. 367, 374]), and which in due course became final. Upon the going down of the *remittitur* upon that appeal the trial court proceeded to carry into effect its interlocutory decree through the appointment and activities of certain referees selected to make and to report a proper distribution of said real estate in conformity with the terms of said interlocutory decree, in order to enable said court to enter its final decree of partition therein. Upon the return and report of said referees, and during the time when the said court was proceeding to hear such matters as had relation to the form and content of its said final decree of partition, the plaintiff herein gave and duly caused to be served a motion to the effect that on Monday, September 28, 1925, 'the plaintiff will move the said court for reasonable counsel fees herein in favor of the plaintiff, to be paid by the parties respectively entitled to share in the land divided in proportion to their respective interests. Said motion will be made on the ground that said plaintiff is entitled to such allowance and that it is just and equitable that the same should be made'. At the time fixed for the hearing of said motion counsel for the moving parties therein, in presenting the same, stated to the court that the moving parties to said motion were making the same under the provisions of

section 796 of the Code of Civil Procedure. The parties to said action other than the plaintiff and Edmund A. Rossi, one of the defendants therein, appeared and presented certain objections to the hearing and determination of said motion. The first of these objections related to the form of the notice of said motion and was based upon the ground that in said notice of motion it had not been expressly stated that said motion was to be a motion 'for reasonable counsel fees expended by plaintiff for the common benefit', as required by the provisions of section 796 of the Code of Civil Procedure. The second objection which was urged to the hearing and determination of said motion was the objection that in said action, which purported to be an action for partition, the defendants thereto other than said Edmund A. Rossi had denied and contested the existence of a cotenancy between the parties to said action, and hence that in the presence of and existence of such denial and contest counsel fees of plaintiff in said action were not allowable under the provisions of said section of the Code of Civil Procedure. This objection also went further, to the extent of setting forth that in said action certain other contested issues had been presented and determined and that as to all contested matters in said action both the plaintiff and defendants had been represented by counsel, and for this additional reason counsel fees were not recoverable to any extent whatever by the plaintiff in the action. Upon the presentation of the foregoing objections to the hearing and determination of said motion the moving parties thereto offered to produce witnesses in support of their motion, but the trial court, while holding that as to the first of said defendants' objections that it was technical and that the plaintiff's motion was sufficiently noticed under the provisions of section 796 of the Code of Civil Procedure and was so understood by counsel for the defendants, refused to permit the production of such or any evidence in support of said motion upon the ground urged in the defendants' aforesaid second objection and thereupon made and entered its order dismissing said motion. . . . "

From this order the plaintiff appealed. (207 Cal. 200 [73 A. L. R. 8, 277 Pac. 475].) Upon that appeal, and in support of the order dismissing plaintiff's motion for counsel fees, the defendant (appellant upon this appeal) urged

"that in a contested action for partition the plaintiff [is] not permitted to recover any counsel fees whatever under the . . . provisions of section 796 of the Code of Civil Procedure". In answer to this contention, and in reversing the order of the court below, this court said (at pp. 206, 209):

"We are satisfied that the foregoing objection to the hearing and determination of the plaintiff's motion for an allowance of counsel fees as made in the trial court under the provisions of section 796, Code of Civil Procedure, was and is not sustainable either under the provisions of said code applicable to actions for the partition of real property, or under the authorities cited by counsel for the respondents in support thereof, or under the facts and circumstances in the instant case. This, as we have seen, was an action for the partition of certain real property, which action was instituted and has been thus far conducted under the provisions of chapter IV, part II, title X, of the Code of Civil Procedure. This chapter of said code commences at section 752 thereof and extending to section 801, inclusive, thereof, embraces a complete and elaborate scheme for the institution and maintenance of an action for partition. It provides in section 752 thereof that such an action may be brought by any one or more of several cotenants owning real property as joint tenants or tenants in common and having an estate of inheritance or for life or lives or for years therein. It imposes upon the plaintiff in such action the duty of setting forth in his complaint the full details as to the interests of all other persons in the property and the nature of such interests or ownerships so far as known to said plaintiff. It requires that the plaintiff shall immediately record in the office of the recorder of the county or of the several counties in which the property is situated a notice of the pendency of the action containing the names of the parties so far as known, the object of the action and a description of the property to be affected thereby. It directs the issuance of a summons containing much more in detail than is required in the ordinary process issued in civil actions. It provides for the publication by the plaintiff of such summons and its service by that method upon all parties to the action whose share or interest is unknown and who themselves either reside out of the state or cannot be found therein. It further provides that when necessary the plaintiff may procure an

abstract of title of the property to be partitioned for the inspection and use of all the parties to the action and requires that the expense reasonably incurred in procuring such abstract shall be allowed to the party incurring it. All of the foregoing requirements imposed upon the plaintiff in the first instance arise prior to any appearances on the part of the defendants in the action. This title of said code further proceeds to set forth a considerable number of important matters in the further course of the proceedings for the partition of the real property involved in said action, including the ascertainment of the rights of lien holders, the procedure for the appointment, qualification, services and report of referees to be appointed by the court for the purpose either of making a proper distribution of said property in kind and in severalty to those who may be found entitled thereto or to report and recommend a sale of said property either in whole or in part and the distribution similarly of the proceeds of such sale. It will thus be seen that from the inception of an action for partition instituted by any one or more of several cotenants having the right as such and as plaintiffs to institute such an action there is a considerable succession of required procedural details which must be initiated and carried forward by the plaintiff or plaintiffs in the action and which at the final analysis inure to the common benefit of those parties to the action who shall be found to be respectively entitled to a share of the lands to be thus divided. It was doubtless for the purpose of making a just and equitable provision for the division of the expenses entailed either by the plaintiff or by any one or more of the defendants in pursuing the required courses for the partition of the property involved in said action whenever such expenditures could be shown to have been made for the common benefit that section 796 of the Code of Civil Procedure was formulated and embraced in said title thereof. Assuming that the action for partition was properly brought and that the trial court shall have so determined upon the issues as framed in said action and having so determined shall proceed to distribute said property or the proceeds thereof among the several persons so found to be the owners as cotenants of hitherto undivided interests therein *we are of the opinion that the more just and equitable rule to be applied to such cases would require*

*a proper division of the expenditures entailed in the main-
tenance of such actions for the common benefit among those
who shall have been found to be entitled to their respective
shares and interests in said property by the ultimate judg-
ment of the court regardless of whether or not there had
arisen and been litigated controversies either over the ques-
tion as to whether or not the parties to the action were co-
tenants or over the extent of their respective interests as such
in the property thus sought to be divided.* It is not to be
understood that in so holding we are deciding that the cost
of litigating purely controversial issues arising in such
actions between parties thereto who have their own counsel
and are incurring their own costs in the effort to sustain
their adverse claims shall be chargeable or recoverable against
the losing party or parties to such controversy. It is evident
that such was not the intent of the framers of section 796,
Code of Civil Procedure, since it is expressly provided therein
that it is only when the costs, including counsel fees entailed
in said action, shall be found to have been expended for the
common benefit that they shall be chargeable or recoverable
by whichever of the parties, plaintiff or defendant, shall
have so expended the same. The cases to which we have
been referred by counsel for the respondents in support of
said objection are not persuasive as furnishing to this court
a sufficient reason for interpreting the provisions of the title
of our Code of Civil Procedure relating to actions for par-
tition otherwise than as we have thus construed it, since in
the main such cases have arisen in jurisdictions the statutes
whereof differ materially from our own; or in cases other
than actions for partition. We have been cited by appellants
and respondents to the case of *Watson* v. *Sutro,* 103 Cal. 169
[37 Pac. 201], wherein in an action for partition in which
the parties thereto were represented by opposing counsel and
also in which certain parties had engaged in various con-
troversies some of which at least involved their respective
claims of title to the property in question and in which the
attorney for the plaintiff sought to have allowed and appor-
tioned among said parties certain counsel fees alleged to have
been expended for the common benefit the trial court took
testimony as to the reasonable value of the services so ren-
dered by plaintiff's counsel for the common good and made
an award and allotment therefor among the parties which it

had found respectively entitled to share in the lands divided in proportion to their respective interests therein. This court affirmed upon appeal such award and allowance and in so doing placed an interpretation upon section 796 of the Code of Civil Procedure, which we are constrained to follow in the instant case. We are moved so to do by a consideration of the facts and circumstances which we have set forth in an earlier stage of this opinion and which have reference to the prolonged controversy between the parties to this action respecting the real estate which it was the purpose of this proceeding to partition between them.''

The judgment was reversed and the cause remanded to the trial court for further proceedings upon the motion of the plaintiff for an allowance of counsel fees in accordance with the views expressed in the opinion. Upon the going down of the *remittitur*, plaintiff renewed her motion for counsel fees for services rendered for the common benefit, and the orders granting the motion and fixing the fees are the subject of the attack on this appeal.

In support of the motion, plaintiff's counsel testified at length as to the steps taken to bring the partition litigation to a successful conclusion. In view of the conclusion we have reached, we deem it unnecessary to here set out even a synopsis of his long and detailed testimony. It would unduly lengthen this opinion. In the witness' opinion, the reasonable value of the legal services rendered by plaintiff's counsel, over the eleven-year period during which the litigation progressed, was $75,000. In arriving at this figure, he excluded all services performed on the motion to modify the referees' report, on the motion to fix counsel fees, and on any and all collateral matters.

Plaintiff also offered in evidence the deposition of Mr. W. H. Devlin, a practitioner of long standing, who gave as his opinion that the reasonable value of the services rendered by plaintiff's counsel for the common benefit was $87,500. In arriving at this figure, the witness excluded from consideration all collateral matters, but kept in mind the protracted character of the litigation, as well as the great value of the property partitioned.

Defendants offered no evidence to controvert plaintiff's showing as to the reasonable value of the services rendered by plaintiff's counsel for the common benefit. Instead, by a

series of objections, they attempted to exclude substantially all of the evidence offered by the plaintiff on the ground that the matters thus being elicited were controversial in nature, and therefore not competent to be considered on a motion to fix and apportion the reasonable value of the services rendered by plaintiff's counsel for the common benefit of all the parties to the action. The trial court overruled defendants' many objections, and awarded plaintiff $75,000 as the reasonable value of the services performed by her counsel for the common benefit, defendants' portion thereof being fixed at $64,500. The defendant Santa Cruz Island Company, having succeeded, *pendente lite,* to the rights of the other defendants, thereupon noticed this appeal.

It is earnestly contended by the appellant that the services performed by plaintiff's counsel in connection with the many controverted issues presented by the partition litigation may not be considered in fixing the reasonable value of the services rendered "for the common benefit". This is substantially the contention urged by and decided adversely to the appellant upon the last appeal (207 Cal. 200 [73 A. L. R. 8, 277 Pac. 475], from which decision we have quoted (*supra*). At the expense of repetition, we again quote briefly from our former decision. At page 208 it is declared: "Assuming that the action for partition was properly brought and that the trial court shall have so determined upon the issues as framed in said action and having so determined shall proceed to distribute said property or the proceeds thereof among the several persons so found to be the owners as cotenants of hitherto undivided interests therein *we are of the opinion that the more just and equitable rule to be applied to such cases would require a proper division of the expenditures entailed in the maintenance of such actions for the common benefit among those who shall have been found to be entitled to their respective shares and interests in said property by the ultimate judgment of the court, regardless of whether or not there had arisen and been litigated controversies either over the question as to whether or not the parties to the action were cotenants or over the extent of their respective interests as such in the property thus sought to be divided.*"

By this language, it was our intention to declare that counsel fees may be allowed under the provisions of section 796

of the Code of Civil Procedure for services rendered for the common benefit even in contested partition suits. Appellant can derive but little comfort from the following sentence, also appearing in our former decision: "It is not to be understood that in so holding we are deciding that the cost of litigating purely controversial issues arising in such actions between parties thereto who have their own counsel and are incurring their own costs in the effort to sustain their adverse claims shall be chargeable or recoverable against the losing party or the parties to such controversy." This sentence was inserted in the opinion for the sole purpose of caring for the exception provided for in the code section itself (sec. 796, *supra*), which, after providing that the plaintiff in a partition suit may recover reasonable counsel fees expended "for the common benefit", goes on to state: "When, however, litigation arises between *some* of the parties only, the court may require the expense of such litigation to be paid by the parties thereto, or any of them."

The evidence upon which the court below based its finding as to the reasonable value of the legal services rendered fails, in our opinion, to disclose the inclusion of any services falling within the statutory exception, and which should have been excluded in determining such reasonable value. The trial court was careful. Evidence of a competent witness called as an expert by plaintiff was excluded upon the ground that the witness, in arriving at his conclusion, had considered matters other than the services rendered for the common good of the parties. We are satisfied that the services considered by the trial court were services "for the common benefit" within the meaning of section 796 of the Code of Civil Procedure, as that section has been judicially construed in this particular litigation. (*Capuccio* v. *Caire*, *supra*.)

That the fee so fixed is a reasonable one is attested by the nature and *quantum* of the services performed, the protracted character of the litigation, and the great value of the property partitioned. The stipulated fee of $37,500, allowed to the referees for services performed over the comparatively short period of a year, is also somewhat indicative of the reasonableness of the fee allowed by the court below for legal services performed "for the common benefit" over an extended period of time.

■ We find no merit in the contention that an allowance of counsel fees under section 796, *supra,* is proper only when such fees have been actually "expended" or paid by the plaintiff, rather than merely incurred. A reasonable construction of the code section seems to require that the word "expended" be construed to be the equivalent of the word "incurred". (*Chavez* v. *Scully,* 62 Cal. App. 6, 8 [216 Pac. 46].) Though not appearing on the face of the opinion, the point was, in effect, decided adversely to the appellant when heretofore we reversed the order denying the motion for allowance of counsel fees (207 Cal. 200 [73 A. L. R. 8, 277 Pac. 475]), because the order there reversed was based in part upon the trial court's conclusion that only fees actually "expended" might be allowed under the code section, and the present appellant vigorously contended for such an interpretation in his briefs filed on that appeal.

■ What has been said sufficiently disposes of appellant's contention that it was entitled to findings "as to what services were upon required procedural details and what upon controversial issues". In fixing the counsel fees for services performed, the trial court properly excluded all evidence of services falling within the exception contained in the code, and considered all other services testified to as having been rendered "for the common benefit". That being so, there was no necessity for findings designating and segregating the various services.

■ Appellant next contends that plaintiff has transferred a two-sevenths part of her interest in Santa Cruz Island to her counsel, who are, therefore, parties in interest and not entitled to a fee. The code section provides for an allowance of counsel fees to the *plaintiff,* in which allowance the attorney has no personal interest. (*Chavez* v. *Scully, supra.*) Moreover, the uncontradicted evidence shows that the transfer, if any, was made in payment for work done for the individual benefit of plaintiff, and not for the common benefit, and that the agreement for such a fee was terminated an canceled upon the death of associate counsel. The transfe cannot, therefore, deprive *plaintiff* of her right to an award for counsel fees for services rendered for the common benefit.

■ Any agreement which plaintiff might have had with her counsel looking to their reimbursement, while admissible in evidence for whatever assistance it might lend in measur-

ing the reasonable value of the services performed, should not serve to deprive plaintiff of the fees provided for in section 796, *supra*. In addition, counsel for plaintiff testified, as already intimated, that the agreement introduced in evidence by the defendant had been terminated and canceled upon the death of associate counsel.

We find nothing further in the case requiring discussion.

The orders or decrees appealed from are, and each is, affirmed.

Curtis, J., Shenk, J., Tyler, J., *pro tem.*, Preston, J., Langdon, J., and Scawell, J., concurred.

Rehearing denied.