[Civ. No. 14025.   Second Dist., Div. Three.   Jan. 21, 1944.]

ARTHUR T. STEWART, Appellant, v. DAVID P. ABER-
NATHY et al., Defendants; IDA A. MAIRE, Respon-
dent.

Paul Stewart for Appellant.

Eugene C. Campbell for Respondent.

WOOD (Parker), J.—Plaintiff appeals from "that portion of the final decree in partition" wherein it was ordered that the referee "pay to defendant Ida A. Maire $40.00 for her costs and $75.00 for fee for her attorney."

Plaintiff and Rachael J. Abernathy, deceased, each owned an undivided one-half interest in two parcels of real estate, one improved and one unimproved. The improved property was encumbered with a deed of trust under which Ida A. Maire was the beneficiary, and the Title Insurance and Trust Company was trustee. Plaintiff commenced this action for partition of both parcels on December 12, 1941, naming as defendants the administrator of decedent Abernathy's estate, the Title Insurance and Trust Company, Ida A. Maire and her husband Frank J. Maire. Ida A. Maire, hereinafter called defendant, and her husband were the only defendants who answered the complaint. The complaint alleged that there was an unpaid balance on the deed of trust of approximately $385.26 which became due, together with interest thereon at the rate of 7 per cent per annum, on November 23, 1935, and prayed for costs, reasonable attorney's fees, and

that amounts and priorities of liens and owners be determined and paid accordingly. Defendant's answer denied that the balance of $385.26 became due November 23, 1935; alleged that the parties to the transaction had extended the time of payment of the note for a period of three years from November 23, 1935, by a duly executed written agreement which was recorded July 15, 1935; alleged further that that balance, together with the interest thereon, had been due and unpaid since November 23, 1941; and prayed for such balance, interest at the rate of 7 per cent per annum from November 23, 1941, costs, disbursements, and reasonable attorney fees. The court found that the deed of trust appeared of record; that there was due and owing $385.26 thereon, together with interest at the rate of 7 per cent per annum from November 23, 1941, to the time of payment; and also found the property incapable of physical division and named a referee to sell same. The referee sold the unimproved property (for $25) and the improved property (for $1,000) to plaintiff, the highest bidder. Defendant's lien was paid. The final decree ordered that the balance remaining in the referee's hands be distributed equally between plaintiff and the administrator of the Abernathy estate after certain payments had been made which included $150 attorney fees and $12.50 costs for plaintiff, and $75 attorney fees and $40 costs for defendant.

Plaintiff contends that the decree is against law in that the services of defendant's attorney were not for the "common benefit" as required by law and, therefore, not chargeable against the owners of the property partitioned.

The only provision in the law under which a plaintiff or defendant in an action for partition is entitled to an allowance for counsel fees is in section 796 of the Code of Civil Procedure, wherein it provides: "The costs of partition, including *reasonable counsel fees,* expended by the plaintiff or either of the defendants, *for the common benefit* . . . must be paid by the parties respectively entitled to share in the lands divided. . . ." (Italics added.) The statute does not expressly state for whose common benefit the fees must be expended. It is apparently defendant's position that section 796 does not contemplate the owners of the land exclusively in requiring that the services must be for the "common benefit." The purpose of that section was to place the bur-

den of the expense for services of counsel upon those parties sharing in the benefits realized from such services, and that burden is specifically placed upon the parties ''entitled to share in the lands divided,'' that is, the owners. It remains then to be determined whether the services of defendant's attorney contributed anything of benefit to the cotenants herein. Defendant asserts that plaintiff chose to make her a party defendant and she was required to employ an attorney to file an answer to controvert such allegations of the complaint as she did not wish to admit; and that in setting up her lien she assisted in the successful completion of the partition proceedings, and delivery of an unencumbered title to the purchaser, thereby performing services for the common benefit. ■ Plaintiff had knowledge of defendant's lien on the property, and was under a statutory duty to set it forth in his complaint. Section 753 of the Code of Civil Procedure requires that a complaint for partition *must* set forth the interests of all persons in the property as far as known to plaintiff. ■ Likewise, defendant was under a statutory duty to answer and deny any allegations in the complaint which she did not wish to be deemed admitted. ■ Section 758 of the Code of Civil Procedure requires that a defendant to an action for partition must controvert such allegations of the complaint as he does not wish to be taken as admitted and, if he claims a lien, that he state the date and character of the lien, the amount remaining due, and whether he has any additional security therefor. This section is mandatory. (*Ritzman* v. *Ritzman* (1923), 190 Cal. 505, 506 [213 P. 493].) ■ The allegations in the complaint and in the answer were not in conflict as to the balance due on the trust deed, but were in conflict as to the date of maturity—the complaint showing a date which might indicate that the obligation was barred by the statute of limitations. Although the court found that the allegation in defendant's answer in this regard was correct, the establishment of that fact was not for the common benefit of the parties who shared in the partition of the property, but rather for the benefit of defendant. In the case of *Capuccio* v. *Caire* (1929), 207 Cal. 200 [277 P. 475], the court said at page 208, in dividing the plaintiff's expenses among the cotenants in a partition action: ''It was doubtless for the purpose of making a just and equitable provision for the division of the expenses entailed either by the plaintiff or by any one or more of the

defendants in pursuing the required courses for the partition of the property involved in said action whenever such expenditures could be shown to have been made for the common benefit that section 796 of the Code of Civil Procedure was formulated and embraced in said title thereof. . . . It is not to be understood that in so holding we are deciding that the cost of litigating purely controversial issues arising in such actions between parties thereto who have their own counsel and are incurring their own costs in the effort to sustain their adverse claims shall be chargeable or recoverable against the losing party or the parties to such controversy. It is evident that such was not the intent of the framers of section 796 of the Code of Civil Procedure, since it is expressly provided therein that it is only when the costs, including counsel fees entailed in said action, shall be found to have been expended for the common benefit that they shall be chargeable or recoverable by whichever of the parties, plaintiff or defendant, shall have so expended the same." (See, also, *Capuccio* v. *Caire* (1932), 215 Cal. 518, 525 [11 P.2d 1097].) The law requires certain procedural steps in an action for partition, and makes certain persons necessary parties, and it is to be noted that the only instance in which any party is entitled to attorney fees is where, and to the extent, the services of the attorney for such party are determined to be for the "common benefit." Whether the services are for the common benefit must be decided upon the facts and circumstances in each particular case. The lien herein had already been set forth by plaintiff in his complaint. Counsel for defendant was protecting defendant's interests in establishing that the statute of limitations had not run and the lien was still legally effective, but he performed no services which were for the common benefit of the parties interested as owners in the property to be partitioned.  ▮  As stated above, the purpose of the statute is to divide the cost of the legal services among the parties benefited by the result of the proceeding. The record does not show that the determination of the partition proceeding herein was in any way more advantageous to the owners of the property as a result of services performed by defendant's counsel.

▮  The issue presented by appellant's further contention, that the judgment awarding defendant $40 costs is not supported by the findings, has become moot. Since this appeal

was taken, the trial court made a nunc pro tunc order correcting the final decree so that it read $4.00, which amount conforms with the findings of the court. ■ A certified copy of said order has been filed in this court. Such an order is a proper method of correcting a clerical error in a judgment. In the case of *Lauchere* v. *Lambert* (1930), 210 Cal. 274 [291 P. 412], the court stated at page 278: " 'Nor is the right of the lower court to amend suspended or impeded by an appeal, where an amendment does not affect any substantial rights of the appellant, and consists of the correction of a clerical mistake appearing upon the face of the record. It is true that the court by the appeal loses jurisdiction of the cause, for the purpose of appeal, but it does not lose jurisdiction of its records.' " In the present proceedings the record fully supports the conclusion that the error was a clerical one.

■ Plaintiff contends further that the $4.00 allowed as costs was not for the common benefit, and therefore should not have been allowed. It is indicated in *Harrington* v. *Goldsmith* (1902), 136 Cal. 168 [68 P. 594], and *Harvey* v. *Stafford* (1930), 106 Cal.App. 307 [288 P. 1085], that the provision in section 796 of the Code of Civil Procedure as to costs of partition is exclusive. As above shown, said section provides in part that, "The costs of partition . . . expended . . . for the common benefit . . . must be paid by the parties respectively entitled to share in the lands divided. . . ." The costs and counsel fees of defendant herein were incurred under the same circumstances. The statements herein that counsel fees were not for the common benefit are applicable to the matter of costs. The costs were not for the common benefit and should not have been allowed.

No counsel fees for services on this appeal are allowed to plaintiff.

The portion of the judgment granting costs and counsel fees to defendant Maire is reversed.

Shinn, Acting P. J., and Shaw, J. pro tem., concurred.

Respondents' petition for a hearing by the Supreme Court was denied March 20, 1944. Curtis, J., and Carter, J., voted for a hearing.