Filed 1/23/23 Nguyen v. Le CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BINH NGOC NGUYEN et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> JENNY M. LE, <br><br> Defendant and Appellant. | G061299 <br><br> (Super. Ct. No. 30-2020-01147289) <br><br> O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Deborah C. Servino, Judge.  Affirmed.

John L. Dodd & Associates and John L. Dodd; O'Brien & Peterson and R. Thomas Peterson for Defendant and Appellant.

No appearance for Plaintiffs and Respondents.

## INTRODUCTION

This is an appeal from an order denying a motion for her attorney fees made by Jenny Le after the trial court dismissed a partition action in which she and her ex-husband, Lang Dao (Lang), were defendants. The court dismissed the action after the plaintiffs, Lien Kim Dao and Binh Ngoc Nguyen (Lang's sister and brother-in-law), did not appear for trial. Le subsequently moved for her attorney fees and court costs. The court granted the motion for costs, but denied the motion for fees.

We affirm the order. Le did not submit sufficient evidence that her attorney fees were incurred for the common benefit of all parties. The statute under which Le sought her fees requires them to be incurred for the common benefit, and she failed to meet the requirement. We therefore cannot find that the court abused its discretion in denying the motion.

## FACTS

Le, Lang, Dao, and Nguyen were joint tenants of a piece of real property in Santa Ana. They took title by grant deed in December 1990.

Le and Lang were divorced in May 2011. The dissolution judgment required Lang to pay Le spousal support and an equalization amount. Evidently he did not make the required payments. Le entered a cloistered Buddhist convent in July 2011, shortly after her divorce from Lang, and has purportedly taken a vow of poverty.

According to Le's counsel, Le hired him in November 2019 to assist her in collecting the spousal support and equalization payment Lang owed her. She agreed, however, to forego the spousal support owed to her after June 2011, when she entered the convent. She gave her son, Lance Dao, power of attorney and assigned her rights to the payments ordered by the dissolution judgment to him.

Le's counsel declared the four owners agreed to sell the property in 2019. He did not specify when in 2019 this decision was made. The record includes a listing

2

agreement, apparently unsigned, that gave a realtor an exclusive right to sell the property between January and July 2020.

In March 2020, Le filed two abstracts of judgment: one for the unpaid spousal support between 2006 and 2011 and the other for the unpaid equalization payment plus attorney fees.

On June 4, 2020, respondents Dao and Nguyen filed a complaint for partition of the real property. The defendants were Le and Lang. The four individuals were alleged to own equal shares of the property. The complaint included as an exhibit a preliminary title report as of January 22, 2020. The title report did not show Le's 2020 abstracts of judgment, as they had not yet been filed, but it did show a $100,000 deed of trust in favor of Wells Fargo. It also showed a lis pendens filed by Le in 2006 and a judgment against Lang for spousal support as of 2007.

Le's answer asserted that Lang owed her more than $300,000 in unpaid spousal support and equalization payments. The answer included a schedule of the amounts owed as an exhibit. To the original $114,909 equalization payment due in 2011, Le added $116,614 in interest to July 2021, for a total of $231,423. To the unpaid support payments between 2006 and 2011 ($34,882), she added $44,511 in interest for a total of $79,394. Finally, she claimed interest on the unpaid support balance of 2011 from 2011 through July 2021 in the amount of $35,026. The total owing was $345,843.

Le's answer also alleged that Lang, Dao, and Nguyen had excluded her from the property and had received the benefit of its exclusive occupancy, rental, and use, for which benefit she requested compensation. She alleged that she was entitled to Lang's share of the property because he had not made spousal support or equalization payments.

3

Trial of the partition action was set for February 14, 2022. Dao and Nguyen did not appear for trial, and the court dismissed the case pursuant to Code of Civil Procedure section 581.[1]

Le then moved for her attorney fees and costs under section 874.010. She asked for $9,371, the total amount of the fees she attributed to the matter since November 2019. The court granted her request for costs, but denied the attorney fee request because the fees had not been incurred for the common benefit. "[T]here is no indication that the expenses for services of defense counsel in this court action benefited all parties in any way."

## DISCUSSION

Section 874.010 provides, "The costs of partition include: [¶] (a) Reasonable attorney's fees incurred or paid by a party for the common benefit. [¶] (b) The fee and expenses of the referee. [¶] (c) The compensation provided by contract for services of a surveyor or other person employed by the referee in the action. [¶] (d) The reasonable costs of a title report procured pursuant to Section 872.220 with interest thereon at the legal rate from the time of payment or, if paid before commencement of the action, from the time of commencement of the action. [¶] (e) Other disbursements or expenses determined by the court to have been incurred or paid for the common benefit." Section 874.040 provides, "Except as otherwise provided in this article, the court shall apportion the costs of partition among the parties in proportion to their interests or make such other apportionment as may be equitable."

"Whether the services are for the common benefit must be decided upon the facts and circumstances in each particular case." (*Stewart v. Abernathy* (1944) 62 Cal.App.2d 429, 433.) We therefore review the factual underpinnings of the court's decision to grant or deny attorney fees for substantial evidence. (*Finney v. Gomez* (2003)

---

[1] All further statutory references are to the Code of Civil Procedure.

111 Cal.App.4th 527, 545.)  We review the court's ultimate decision for abuse of discretion.  (*Ibid.*)

The case law provides some guideline for determining the circumstances under which attorney fees are awarded under section 874.010.  The California Supreme Court ruled in *Capuccio v. Caire* (1932) 215 Cal. 518 (*Capuccio*) (superseded by statute on other grounds), interpreting section 874.010's predecessor statute,[2] that attorney fees could be awarded under the common benefit rubric even for contested partition suits.  (*Id.* at pp. 528-529.)   Common benefit, however, does not extend to the "pressing of spurious matters" or advocating for a greater share of the proceeds than one is entitled to.  (*Forrest v. Elam* (1979) 88 Cal.App.3d 164, 173-174.)  It may extend to resisting spurious matters (*id.* at p. 174).  But it does not include activities that took place before partition entered the picture or activities intended to benefit one party over the others.  (*Williams v. Miranda* (1958) 159 Cal.App.2d 143, 158.)

We note initially that section 874.010 is not a prevailing party statute.  Its purpose is to spread the fees and costs associated with partition among those who benefit from it.  (See *Capuccio, supra,* 215 Cal. at p. 525; *Stewart v. Abernathy*, *supra*, 62 Cal. App. 2d at pp. 431-432.)  Section 874.040 reinforces this intent; attorney fees are not shifted from one party to another – as would be the case in a prevailing party fee statute – unless it would be equitable to do so.  (See, e.g., *Lin v. Jeng* (2012) 203 Cal.App.4th 1008, 1025-1026.)  Absent some inequity, the party incurring the fees and costs pays his or her proportional share.

---

[2]       Former section 796, which provided, "The costs of partition, including reasonable counsel fees, expended by the plaintiff or either of the defendants, for the common benefit, fees or [of] referees, and other disbursements, must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the judgment.  In that case they shall be a lien on the several shares, and the judgment may be enforced by execution against such shares, and against other property held by the respective parties.  When, however, litigation arises between some of the parties only, the Court may require the expense of such litigation to be paid by the parties thereto, or any of them."

5

In this case, the matter was dismissed. The property was not partitioned. The owners were in exactly the same place in February 2022 with regards to the property as they were when the complaint was filed in June 2020.

An inspection of the billing records submitted with Le's fee motion shows attorney fees billed more than six months before Nguyen and Dao filed their complaint, including preparing and recording abstracts of judgment against Lang for nonpayment of Le's spousal support. Le does not suggest how these activities promoted the common benefit. Likewise the time spent on efforts by counsel to remedy Le's default served only her interests. Le's answer to the partition complaint asserted her individual interests; she alleged that she had a lien in the amount of $345,843 on the property, the amount that Lang owed her in spousal support and equalization payments, plus interest, and that the three other owners had benefited from their exclusive use of the property, for which she was entitled to additional compensation. She also claimed Lang's share of the property should go to her. Presumably her counsel was prepared to argue these entitlements at trial. (See § 872.630.)

As a cloistered Buddhist nun who has taken a vow of poverty, even Le would not appear to benefit from these proceedings. Indeed, an inspection of the billing records shows that her son, Lance Dao, was counsel's main contact for the defense of the partition action. As the potential or actual assignee of Le's divorce benefits, he would have been the beneficiary of any proceeds from the sale of the property.[3]

On appeal, Le argues that anything done "to get the title in the right place, to get the encroachments in the right place, to get everything prepared for sale by partition, those are all for the common benefit." Le, however, made no effort to segregate the fees incurred for getting title in the right place for sale by partition from the fees that benefited her alone. (Cf. *Capuccio, supra,* 215 Cal. at p. 527) She asked for

---

[3] Counsel's engagement letter is addressed to "Dear Lance and Jenny."

every dollar billed between November 1, 2019, seven months before the partition action was filed, and February 21, 2022, including the amount spent on the attorney fee motion itself.[4] Given the facts and circumstances of this case, we cannot say the court abused its discretion in declining to award Le her attorney fees.

Finally, section 874.040 requires common benefit expenses to be distributed among the parties in proportion to their interests in the property. Le, by contrast, asked the court to make Nguyen and Dao pay the entire bill. She did not suggest the fees should be cut into fourths. Le's discussion of apportionment in her motion for fees concentrated on convincing the court Dao and Nguyen should pay all the fees, improperly citing two superior court rulings as authority.

On appeal, Le argues that the court failed to apportion fees under section 874.040 and abused its discretion by failing to consider doing so. Having decided that Le was not entitled to fees at all, there was, of course, no occasion for the court to apportion nonexistent fees. It could not abuse its discretion by not considering an act that would have no meaning.[5]

---

[4] The abstracts of judgment filed in March 2020, before the partition action, were most likely prompted by the impending sale of the property – to get Le's liens on the title report – and not by the partition action itself. The partition action seems to have come as a surprise.

[5] Le also argues that she was entitled to costs under sections 1032 and 1033.5 as a matter of right. Section 1033.5, subdivision (10), identifies attorney fees authorized by statute as an item of costs. Section 874.010 restricts attorney fees awardable in a partition action to those incurred for the common benefit. Attorney fees *not* incurred for the common benefit are not authorized by statute and do not qualify as costs.

## DISPOSITION

The order denying appellant's motion for attorney fees is affirmed. Respondents are to recover their costs on appeal.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


DELANEY, J.