Filed 10/12/23  Gentino v. Yaghoobia CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ROBERT GENTINO, TRUSTEE OF THE BN FAMILY TRUST DATED JUNE 5, 2020,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BIZHAN YAGHOOBIA,<br><br>    Defendant and Appellant. | B321102<br><br>(Los Angeles County<br> Super. Ct. No. BC706408) |

APPEAL from an order of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge.  Affirmed.

Law Offices of Frank A. Weiser and Frank A. Weiser for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant appeals from the trial court's order denying his motion for attorney fees under Code of Civil Procedure section 874.010, subdivision (a).[1] We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Bizhan Yaghoobia owns real property located at 1901 East Carson Street in Long Beach, California (property). Plaintiff Robert Gentino, trustee of the BN Family Trust dated June 5, 2000, filed the operative third amended complaint against defendant for quiet title, conversion, accounting, and partition of the property. Plaintiff alleged he had a 50 percent ownership interest in the property.

The matter proceeded to a non-jury trial. The trial court found plaintiff failed to establish an ownership interest in the property. Therefore, the court dismissed the case without prejudice. Defendant moved for an order awarding attorney fees against plaintiff under section 874.010, subdivision (a).[2] After a hearing, the court denied the motion.

Defendant timely filed a notice of appeal. Plaintiff did not file a respondent's brief.

## DISCUSSION

Defendant argues the trial court erred in finding that he was not entitled to attorney fees. "We review the trial court's order[] regarding

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise stated.

[2]     Defendant moved on additional grounds not raised on appeal.

2

attorney fees for abuse of discretion." (*Orien v. Lutz* (2017) 16 Cal.App.5th 957, 966.)  We conclude there was no abuse of discretion here.

Attorney fees are not recoverable as costs unless expressly authorized by statute or contract.  (§ 1021; *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 127.)  Section 874.010, subdivision (a), on which defendant relies, states in partition actions the trial court may award "[r]easonable attorney's fees incurred or paid by a party for the common benefit."  The purpose of the statute "was to place the burden of the expense for services of counsel upon those parties sharing in the benefits realized from such services, and that burden is specifically placed upon the parties 'entitled to share in the lands divided,' that is, the owners." (*Stewart v. Abernathy* (1944) 62 Cal.App.2d 429, 431–432; see *Capuccio v. Caire* (1932) 215 Cal. 518, 525.)

Plaintiff initiated this action alleging an interest in and seeking to partition the property.  At trial, the court determined plaintiff failed to establish an interest in the property and dismissed the case without prejudice.  Based on the court's finding, there was no "common benefit" between the parties.  We reject defendant's contention that equity supports the granting of his motion for attorney fees for the same reason.  Accordingly, the trial court acted well within its discretion in denying defendant's motion for attorney fees under section 874.010, subdivision (a).

//

//

//

//

//

//

3

**DISPOSITION**

The order is affirmed.  Defendant is to bear his own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


COLLINS, Acting P. J.


MORI, J.